HAYS *et al. v.* THE BANK OF THE STATE.

"EXCUSABLE NEGLECT."—As an example of what will not constitute
"excusable neglect," on an application to set aside a default, under
§ 99 of the code, the reader is referred to the opinion herein at
length.

APPEAL from the *Dearborn* Circuit Court.

HANNA, J.—Suit on two bills of exchange, drawn by *Enoch
Miller,* indorsed by *Job Miller,* and accepted by *Hays.* Ser-
vice, on the last day on which service could be had, on *Miller*
and *Miller;* judgment by default against them on the second
day of the term. No service on, nor appearance then, by
*Hays.* On the fifteenth day of the same term, the defendants
appeared in Court, and moved to have the judgment and de-
fault set aside on the affidavits of *Hays* and *Enoch Miller,* and
produced and offered to file their answers, and go to trial at
the term. The motion was overruled, which presents the
only point made by the appellants.

The affidavit of *Hays* stated that he was a resident of *Ohio,*
and was not served, &c.; that the other defendants were the
accommodation drawer and indorser of said bills, and he
was to pay whatever sum was due thereon, which facts were
known to the bank; that said bills were for money borrowed
of the bank by said *Hays,* and were in renewal of others be-
fore then held by said bank, which had been at various times
renewed, at, &c., usurious rates, &c., setting out facts; that a
suit had been commenced in the Common Pleas Court, and,
upon the filing of an answer, setting forth, &c., the President
of the *Lawrenceburgh* branch, through which said loan was
made, and affiant had agreed that said suit should be dis-
missed, because there was pending in, &c., an attachment
proceeding against said *Job Miller,* in which it was expected
eleven or twelve hundred dollars would be realized; that
after said proceeding should be decided, they would adjust

Hays et al. *v.* The Bank of the State. .

the balance, &c.; that said suit was dismissed, and he informed said *Miller* and *Miller* of said arrangement; that, at the commencement of this action, which was instituted by said President, &c., he was absent in *Illinois* on business, but said *Millers* immediately wrote to him, apprising him of the fact, and as soon as he could possibly leave his business, he returned home, but arrived after a default was taken, &c.; that said other defendants did not understand his defence, &c., having, as aforesaid, understood that said bills were arranged, did not make any defence; that he had no attorney, having, after the dismissal, as aforesaid, discharged his attorneys then employed; that he would have had an attorney to defend, &c., if he had not been deceived by said arrangement; that ne offers to appear and file his answer, and try said case at the present term, &c.

The said *Enoch's* affidavit is similar to that of said *Hays;* and, in addition, he states that he and said *Job,* having no pecuniary interest in the suit commenced in the Common Pleas, left the defence to said *Hays,* and when this suit was began, supposed in his absence his attorneys would defend the same; that they have a good defence, and, if they had known the attorneys formerly employed would not have continued in the defence, they would have employed attorneys, and prosecuted the same, &c.

We can not say that the ruling of the Court on said motion was not the exercise of a sound legal discretion.

The said *Millers* certainly neglected their interests in not fully informing themselves, upon the institution of this suit, whether there was any defence, and, if so, what and by whom it should be presented. This was especially their duty in the known absence of the person who, it is now said, really owed the debt. The nature of the defence they could have ascertained by an examination of the record of the former suit. The question as to whether the attorneys employed in that

suit would present said defence in this, could have been ascertained from them as well as any information derived from *Hays.*

We can not, therefore, say that such a degree of diligence was used, as should bring this within the term, "excusable neglect," as to said *Millers,* so as to authorize the Court to grant the relief prayed. As to *Hays,* he can make his defence when the bank presses the suit against him.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*D. S. Major,* for the appellants.

*McDonald & Roache,* for the appellees.