*J. M. Johnston*, for appellant.

*C. H. Test, D. V. Burns*, and *G. S. Wright*, for appellee.

———————•———————

## CARNEY *v.* STREET ET AL.

PRACTICE.—*Appeal from Superior Court.*—*Assignment of Error.*—An assignment on appeal to the Supreme Court from a judgment of affirmance in the Superior Court, " that the court below in general term erred in affirming the judgment and finding of the court in special term," presents for review all the questions which were properly presented and decided at the general term.

SAME.—*Trial by Court.*—*Appeal.*—Where a judge is substituted for a jury in the trial of a case, the same rule applies on appeal as to the reversal on the sufficiency of the evidence, as though a jury had rendered the finding.

APPEAL from the Marion Superior Court.

DOWNEY, J.—The appellees sued the appellant for six hundred and fifty dollars, which they allege he promised to pay them, in part consideration of certain real estate conveyed to him by their grandfather, Matthew Carney, the father of the appellant. The defendant answered by a general denial. There was a trial by the court without a jury, and a finding for the plaintiffs. The defendant moved the court for a new trial, but his motion was overruled, and final judgment rendered against him, in favor of the plaintiffs, for the amount of the finding. On appeal from the special to. the general term of that court, it was assigned as error, first, that the court in special term erred in overruling the demurrer of the defendant to the complaint; second, in striking out the second paragraph of the defendant's answer; and, third, in overruling the defendant's motion for a new trial. An examination of these alleged errors in the general term

Carney *v.* Street *et al.*

resulted in an affirmance of the judgment of the special term.

From the judgment of the general term the defendant below appealed to this court, and he has here assigned as error, first, that the judgment of the court below is not sustained by sufficient evidence; second, that the judgment of the court below is contrary to law; third, that the court below in general term erred in affirming the judgment of the court below in special term; fourth, that the court below in general term erred in not reversing the judgment and finding of the court in special term, and in refusing a new trial to appellant; and, fifth, the court below erred in overruling appellant's motion for a new trial.

According to an intimation in *Wesley* v. *Milford, post,* p. 413 the third assignment of error is sufficient to present to this court for review, all the questions which were properly presented to, and decided by, the general term.

No question is made here upon the first or second errors assigned in general term; that is, the overruling of the demurrer to the complaint, and the striking out of the second paragraph of the answer. But it is contended that the general term erred in not sustaining the third assignment of error, which was that the special term erred in refusing to grant a new trial. The ground relied upon by counsel for appellant is, that the evidence was not sufficient to justify the finding against him. It is insisted that the evidence does not show that Matthew Carney conveyed the land mentioned to the appellant, upon the agreement that he should pay the six hundred and fifty dollars to the plaintiffs, and that the appellant accepted the conveyance with that understanding.

We think the finding is not unsupported by the evidence. The court in special term tried the cause as it might have been tried by a jury. Had there been a jury trial, and had the jury found a verdict for the plaintiffs below, we think the court would not have been required to set it aside and grant a new trial on account of the insufficiency of the evidence to justify it. The same rule is applicable to cases where the is-

sues of fact are tried by the court, instead of a jury. The court, in special term, on the trial, and again on the motion for a new trial, and the general term in passing upon this alleged error, considered the evidence sufficient. We do not feel required or authorized, after a careful examination of the evidence, to decide otherwise. We concede that the evidence is not very decidedly in favor of the appellees, but still we think there was such, and so much, evidence in support of the finding of the court, that we cannot, being governed by the rule upon which this court has always acted in such cases, disturb the action of the superior court in the matter.

The judgment is affirmed, with five per cent. damages and costs.

*N. B. Taylor* and *E. Taylor*, for appellant.

*W. Wallace*, for appellees.