Wesley *et al. v.* Milford.

———————•———————

## WESLEY ET AL. *v.* MILFORD.

PRACTICE.—*Superior Court.—Appeal.—Assignment of Errors.*—Whatever errors are assigned on appeal from the superior court in general term to the Supreme Court must be predicated upon the assignment of errors in the general term and the action of that court in such term thereon.

SAME.—*Sufficiency of Complaint.*—Unless the question of the sufficiency of the

complaint has been raised in the general term, it cannot be assigned as error in the Supreme Court. PETTIT, C. J., and BUSKIRK, J., dissented.

SAME.—*Motion for New Trial.*—On such an appeal to the Supreme Court, the assignment as error of the overruling of a motion for a new trial, it was *held*, presented no question, as the court in general term did not overrule such motion.

SAME.—*Proper Assignment of Error.*—It is suggested that probably an assignment, that the superior court in general term erred in affirming or reversing the judgment of the court at special term, would present for the consideration of the Supreme Court on appeal all the questions that were properly presented to that court in general term.

APPEAL from the Marion Superior Court.

DOWNEY, J.—Suit by the appellee against the appellants to recover the value of a watch, chain, etc. The appellants were inn-keepers, and the appellee was a guest at the inn. It is alleged, in substance, in the complaint, that on the night of the 4th of October, 1871, the plaintiff was a guest in the hotel of the defendants, and that, by the direction of the defendants, he occupied a designated room in the inn; that, before retiring to his room, the servant of the defendants informed him that there were other gentlemen to occupy other beds in the same room, who had not yet retired, and requested the plaintiff to leave the door of the room unlocked; that upon being so informed, the plaintiff placed in the care of the clerk of defendants his pocket-book, containing about three hundred dollars, and proposed to place in his care his watch, chain, etc., of the value of three hundred and ten dollars, when he was informed by the clerk that the parties occupying the room were honest men, and that there would be no danger in taking said watch, chain, etc., to his room; that he then took the same with him, and upon retiring, deposited them under the head of his bed, leaving the door unlocked; that during the night, while he was asleep, the watch, chain, etc., were stolen, through the negligence of the defendants, and of their servants, in requiring the door of the room to be left unlocked, etc.

The defendants answered by a general denial. There was a trial by jury, at special term, resulting in a verdict for the plaintiff. The defendants moved the court to grant them a

new trial, which motion was overruled, and there was final judgment for the plaintiff for the amount of the verdict.

The defendants then appealed from the special to the general term, where they assigned for error the overruling of the motion for a new trial. Upon the hearing in the general term, the judgment of the special term was, in all things, affirmed, and from this judgment they appealed to this court.

In this court it is assigned for error, that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the appellants' motion for a new trial.

Some questions of practice of considerable interest arise in this case. The law establishing the superior court makes it to consist of three judges. It provides for general and special terms. The general terms are held by all the judges, or, in some cases, as when one of them is disqualified, by a majority of them. In general terms, the judges distribute the business to the special terms, and each judge may hold a special term, and try and dispose of the business distributed to him, having power to call one or both of the other judges to sit with him in special term. By section twenty-five of the act, it is provided, that in all cases where, under existing or future laws of this State, a person has the right of appeal from the circuit court to the Supreme Court, an appeal may be had from a special term to the general term of said superior court; that the appeal shall be heard and considered in the general term upon the original papers and records filed and made in the cause at special term, and such matters as are properly made part thereof by bills of exceptions; it may affirm or reverse the judgment of the special term, or modify it, or render such judgment as may be proper. It shall, if the judgment of the special term is not affirmed, enter of record the error or errors found therein, and remand said cause to the special term, with instructions as to said error or errors; and the special term shall carry into effect the instructions of the general term.

No appeal is authorized by the act from the judgment of a special term directly to this court. But by section twenty-seven of the act it is provided, that any party may appeal to this court from the order or judgment of general term in any case when, by existing or future laws of this State, an appeal may be had from an order or judgment of the circuit court; and also when a party has had a judgment in his favor in a special term, and it is reversed or modified by the general term upon appeal to it. The appeal from the general term to the Supreme Court shall be regulated by the law regulating appeals from the circuit court to the Supreme Court, so far as applicable. Acts 1871, p. 48, *et seq.*

The appeal to this court being allowed from the judgment of the general term only, we think it must follow that whatever errors are assigned in this court must be predicated upon the assignment of errors in the general term, and the action of that court in general term thereon. It is proper that the whole record shall come to this court on appeal, but the question here is, whether that court, in general term, erred or not. If an error of the special term has not been assigned in the general term, it cannot be presented to this court for the first time. It was, no doubt, the intention of the legislature, in providing for an appeal from the special to the general term, and in allowing an appeal from the general term only to this court, to limit this court to an examination of the rulings of that court in general term. While we must look to the rulings of that court in special term in deciding upon its action in general term, this is only for the purpose of enabling us properly to pass upon the alleged errors of the court in general term. It could not have been intended that cases appealed from that court to this should be presented to this court as though they had never been passed upon by that court in general term. With a bench of three learned and careful judges, having powers, on appeal, to reconsider questions decided by its members when sitting alone, and to correct such errors as will unavoidably occur, it was expected that many cases, which would other-

Wesley *et al. v.* Milford.

wise have been appealed to this court, would be disposed of to the satisfaction of the parties in the general terms of that court.

If we are right in these views, the errors assigned in this case can be easily disposed of. The first error questions the sufficiency of the complaint. It is conceded by counsel for the appellant, and it is shown by the record, that this question was not presented to the general term as one of the errors of which complaint was there made. It is presented here for the first time. Counsel claim that this is one of the questions which may be assigned as error without having been in any way presented in the court below, and they refer us to *Livesey* v. *Livesey*, 30 Ind. 398. That, however, was an appeal from the circuit court to this court, and does not touch the question under consideration. In the general term of the superior court, this question could, no doubt, have been presented, although it was not presented or raised in any way in the special term. But not so, we think, on an appeal from the general term to this court. It is depriving a party of no right by holding that he must present the errors of the special term of which he complains to the general term. This he can do there as fully as he could do in this court if he was appealing from a circuit court to this court.

The other error mentioned is the overruling of the appellants' motion for a new trial. This alleged error relates to the action of the special term, and is not an assignment of an error committed by the general term, and consequently does not present any question for our decision. While we need not decide, and do not decide, what would be a proper form for an assignment of errors in such a case, it may be suggested that probably an assignment that the superior court, in general term, erred in affirming or reversing the judgment of that court at special term, would present for the consideration of this court all the questions which were properly presented to that court.

The judgment in this case is affirmed, with costs.

PETTIT, C. J., and BUSKIRK, J., dissent from so much of the foregoing opinion as holds that the insufficiency of the complaint cannot be assigned for error in this court, when it was not assigned for error in the general term of the superior court.

*M. M. Ray*, *G. H. Voss*, *B. F. Davis*, and *J. A. Holman*, for appellants.