## WILSON *v.* HARRISON ET AL.

SUPERIOR COURT.—*Assignment of Errors.*—On appeal to the Supreme Court from the judgment of the general term of a superior court, the record must show what errors were assigned at the general term; if no assignment of errors appears in the record, the Supreme Court will presume that none was filed.

SAME.—If on appeal from the special to the general term, there is no assignment of errors, the judgment of the special term should be affirmed.

SAME.—When an appeal is taken from the general term of the superior court to the Supreme Court, the assignment of errors must relate to the rulings at the general term.

From the Marion Superior Court.

*C. H. Test* and *D. V. Burns,* for appellant.

*N. B. Taylor, F. Rand,* and *E. Taylor,* for appellees.

OSBORN, J.—The appellees sued the appellant and recovered judgment against him in special term of the Marion Superior Court. An appeal was taken to the general term, where the judgment was affirmed.

The error assigned in this court is, that the court in general term erred in affirming the judgment of the special term.

The record does not contain or show what errors were assigned in general term. In *Wesley* v. *Milford,* 41 Ind. 413, it was held that the errors assigned in this court must be predicated upon the assignment of errors in the general term and the action of that court in general term thereon. It was said, page 416: "If an error of the special term has not been assigned in the general term, it cannot be presented to this court for the first time." In *Carney* v. *Street,* 41 Ind. 396, it was held that an assignment in this court, that the court below in general term erred in affirming the judgment of the court below in special term, was sufficient to present for review all the questions which were properly presented to and decided by the general term.

We can only know what errors were assigned as they appear in the record. If none are there, we must presume that none were assigned. If none were assigned, then the

court in general term committed no error in affirming the judgment. It follows that the judgment must be affirmed.

The judgment of the said Marion Superior Court in general term is in all things affirmed, with costs.

*Petition for a rehearing overruled.*