## BARTHOLOMEW *v*. PRESTON.

PRACTICE.—*Assignment of Error.*—*Superior Court.*—An appeal from a special term to the general term of a superior court, so far as the assignment of error is concerned, is governed by the same rules that govern in appeals from the circuit courts to the Supreme Court.

SAME.—*New Trial.*—To repeat the reasons contained in a motion for a new trial as assignments of error, without assigning the overruling of the motion for a new trial as error, presents no question for review.

From the Marion Superior Court.

*P. W. Bartholomew*, for appellant.

*J. B. Julian*, *D. M. Bradbury*, and *J. F. Julian*, for appellee.

DOWNEY, J.—This was a suit by the appellee against the appellant, on a promissory note, which was made, was payable, and was indorsed in the State of New York.

Issues were formed in the special term; there was a trial

by the court, a finding for the plaintiff, a motion by the defendant for a new trial overruled, and final judgment for the plaintiff. On appeal by the defendant to the general term, he assigned errors as follows: "The appellant assigns the following errors as causes why the judgment at special term should be reversed:

" 1. The court at special term erred in admitting the entire deposition of J. Bower Preston to be read in evidence by the appellee on the trial of this cause, the same not being admissible under the issues as made in this case. 2. The court at special term erred in admitting in evidence question number eight and answer thereto, in the deposition of J. Bower Preston, the same not being admissible under the issues formed in this cause and improper and incompetent. 3. The court at special term erred in admitting in evidence the deposition of Charles Anthony, the same being improper and incompetent, and not admissible under the issues as made in this cause below. 4. The court at special term erred in admitting in evidence the certificate of ex-Secretary of State of Indiana James S. Athon, dated March 1863, to prove a present law, and for the reason the same is not properly made out and certified. 5. The court at special term erred in finding for the plaintiff and against the defendant. 6. The court below erred in rendering judgment for plaintiff and against appellant, the same being contrary to law. 7. The judgment of the court at special term is not sustained by sufficient evidence to support it. 8. The court at special term erred in allowing appellee to prove by depositions the law of New York upon commercial paper and the common law of New York, under the first paragraph of plaintiff's complaint. 9. The court at special term erred in allowing the plaintiff to prove, by depositions of plaintiff and Charles Anthony, the law merchant of New York, under the allegations of the first and second paragraphs of plaintiff's complaint. 10. The court at special term erred in refusing to suppress the depositions of plaintiff below and Charles Anthony, upon appellant's motion. 11.

The court at special term erred in refusing the appellant's motion and overruling said motion of defendant to strike out the eighth question and answer thereto in plaintiff Preston's deposition on the trial below.   12. The court at special term erred in refusing and overruling defendant's motion below to strike out the following part of plaintiff's second paragraph of complaint from the word 'is' in line fifteen, including lines sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, twenty-seven, twenty-eight, twenty-nine, thirty, and thirty-one, as surplusage, and in admitting the same as evidence in said cause below."

Upon consideration of these alleged errors, the court in general term affirmed the judgment of the special term. The defendant then appealed to this court, where he has assigned as error, that "the court below in general term erred in affirming the judgment of the court below in special term."

We are of the opinion that there was no question presented to the superior court in general term for its decision. An appeal from a special to the general term of that court, so far as the assignment of the errors is concerned, should be governed by the same rules which govern in appeals from the circuit courts to this court.   Acts 1871, p. 53, secs. 25 and 26; *Wesley* v. *Milford*, 41 Ind. 413; *Carney* v. *Street*, 41 Ind. 396.   There is no other law to govern the same, and uniformity of practice is an argument in its favor.   To repeat the reasons for a new trial as assignments of error, without alleging as error the overruling of the motion for a new trial, has never been regarded in this court as a proper assignment of errors.   A reference to cases on this subject is unnecessary.   That the superior court in general term considered and decided the questions thus assigned, is no reason why we should do so.   The attention of that court was probably not called to the question.   The objection is not made here by counsel, but we feel bound, in favor of a proper practice in such cases, to apply the rule, without any sug-

gestion of it by counsel. In *Wesley* v. *Milford, supra*, we said: "The appeal to this court being allowed from the judgment of the general term only, we think it must follow that whatever errors are assigned in this court must be predicated upon the assignment of errors in the general term, and the action of that court in general term thereon. It is proper that the whole record shall come to this court on appeal, but the question here is, whether that court, in general term, erred or not. If an error of the special term has not been assigned in the general term, it can not be presented to this court for the first time."

In the case under consideration, the question whether or not the court in special term erred in refusing to grant a new trial was not presented to the general term by the assignment of errors, and consequently was not and could not have been decided by the general term. The judgment of the general term affirming the judgment was correct, for the reason that there was no question presented to that court by the assignment of errors, whatever may have been the case as to the decision of that court on the questions attempted to be presented by the assignment of errors. The action of that court having been correct, it is the duty of this court to affirm it, whether the decision was placed on the right ground. or not.

The judgment is affirmed, with five per cent. damages and costs.