## Huffman v. The Indiana National Bank of Indianapolis et al.

SUPERIOR COURT.—*Appeal.*— *Assignment of Error.*— *Form of Judgment.* — Where, on appeal from the special term of a superior court to the general term thereof, it is not assigned that the court erred in overruling a motion for a new trial, no cause for a new trial can be considered; nor will an objection to the form of the judgment rendered in special term, first made on the appeal to the general term, be considered by the Supreme Court.

From the Marion Superior Court.

*F. M. Finch* and *J. A. Finch,* for appellant.

*G. T. Porter, C. Byfield* and *D. Howe,* for appellees.

PETTIT, J. — This suit was brought and prosecuted by the Indiana National Bank, of Indianapolis, against Aaron Huffman, John Teague, John L. Stevens and Milton Francis, on a note. Judgment was rendered against all of the defendants, against Huffman as principal and against the others as sureties, etc. Huffman moved for a new trial, which was overruled, and he alone appealed to the general term, where the judgment was affirmed, that court holding that there was no assignment of error which raised any question before it. In this we fully concur.

It was not assigned that the court erred in overruling the motion for a new trial. All the matters for which a reversal was sought took place during some part of the trial, and in such case there should be an assignment of error that the court erred in overruling the motion for a new trial.

The appellant has made that assignment in this court for the first time. But this will not avail him, for we have often held it must be assigned here that the superior court in general term erred in affirming or reversing the judgment of the special term, and this presents to us for review only such questions as were properly assigned for error in the general term.

It was assigned for error in the general term, that the court, in rendering its final judgment, modified the judgment it had previously rendered as to the defendant Francis and the appellant.

There was no motion or asking for any other form of judgment, nor is there any bill of exceptions showing that the appellant asked that a different judgment should be rendered in regard to Francis or himself. There is no available error in the record.

The judgment is affirmed, at the costs of the appellant, Huffman.