Selking *v.* Jones, Adm'r, *et al.*

## SELKING *v.* JONES, ADM'R, ET AL.

| 52 | 409 |
| 136 | 351 |
| 52 | 409 |
| 137 | 265 |

ASSIGNMENT OF ERROR.—*Special Finding.*—Where the court, at the request of a party to an action, has stated the facts in writing and the conclusions of law upon them, no question as to the correctness of the conclusions of law will be presented on appeal by assigning as error that the court erred in its special finding.

SAME.—*Superior Court.*—*Supreme Court.*—On an appeal from a superior court to the Supreme Court, only such questions can be considered as were presented by the assignment of errors in the general term of the lower court.

PARTNERSHIP.—*Payment to One Partner.*—Payment of a debt due to a firm may be received by any one of the partners.

From the Marion Superior Court.

*W. W. Leathers, B. F. Davis, R. A. Black* and *H. F. Kane,* for appellant.

*J. S. Harvey,* for appellees.

DOWNEY, J. — This action was brought by George B. Scribner and Charles H. Scribner, as partners by the name and style of Scribner & Co., against William Selking, the appellant, for personal property sold and delivered by the plaintiffs to the defendant.

The defendant answered:

1. A general denial.

2. Payment.

3. Set-off.

Reply in denial of the second and third paragraphs of the answer.

There was a trial by the court, without the intervention of a jury, and, by request, a special finding was made of the facts, and conclusions of law were stated, to which there was an exception.

The defendant moved the court to grant him a new trial, which motion was overruled, and he again excepted. Final judgment on, and in accordance with, the special finding.

On appeal to the general term of the superior court, it was assigned as error, that the court, at special term, had erred

in overruling the motion for a new trial, and in its special finding.

The judgment of the court at special term was affirmed in the general term, and this ruling is here assigned as error.

After the issues had been formed in the special term, the death of George B. Scribner, one of the plaintiffs, was suggested, and Jesse Jones having been appointed administrator of his estate, his name was suggested, and he was made a co-party with the surviving plaintiff. No objection to this was made at the time the order was entered.

We ought, first, to ascertain what questions are presented for our decision. We may say, at the outset, that no question is presented as to the correctness of the conclusions of law. It was assigned as an error in the general term, that the court erred in its special finding. But this relates properly to the facts, and not to the conclusions of law. The Montmorency Gravel Road Co. v. Rock, 41 Ind. 263; Cruzan v. Smith, 41 Ind. 288.

The question is argued as to the right of Jones, as administrator of George B. Scribner, to unite with Charles H. Scribner in the prosecution of the action, after the death of his intestate.

As we have seen, there was no objection or exception to this action of the court, and, moreover, it seems not to have been a question in the case by any assignment of error in the general term. It is only such questions as were presented by the assignment of errors in the general term that can be considered by this court on appeal.

The sufficiency of the evidence to sustain the finding of the court is denied. The mooted question in the defence was, whether an account claimed by the defendant was properly against the plaintiffs, or against Charles H. Scribner only, and if not properly an account against the firm, whether the items in it were to be regarded as payments on the plaintiffs' account or not. The evidence left the matter in a great deal of confusion and uncertainty. The court allowed the money items as payments, and, acting on the consent of

George B. Scribner, gave the defendant the benefit of the amount of the other items, to the extent of one-half of the plaintiffs' claim, and gave the plaintiffs judgment for the balance of the claim sued upon.

We cannot say that the evidence did not justify the finding of facts made by the court. We do not doubt the correctness of the legal proposition contended for by counsel for the appellant, that, of a debt due to a firm, any one of the partners may receive payment. The fact as to whether payment was made to any one is a question concerning which there is a conflict of evidence.

The judgment is affirmed, with costs.

Opinion filed November term, 1875; petition for a rehearing overruled May term, 1876.