SHEFFERMEYER v. THE COLUMBIA CITY GERMAN BUILDING, LOAN AND SAVINGS ASSOCIATION.

JUDGMENT.—*Complaint to Set Aside.—Excusable Neglect.—Pleading.*—In an action by a judgment defendant, against his judgment plaintiff, to set

aside the judgment, and allow him to defend, the complaint alleged, that, though such judgment had in fact been rendered against him by default, upon his failure to appear, yet the record thereof showed an appearance by him; that shortly prior to the commencement of the action, the authorized agent of plaintiff had informed him that the amount due was a sum much less than that for which judgment had been rendered, and when the summons was served upon him, he, being a German and not understanding English well, supposed the suit to be for such smaller sum, and informed the sheriff not to read the summons; that through his own inadvertence, surprise and excusable neglect, he had suffered judgment to be rendered against him for such larger sum.

*Held*, on demurrer, that the complaint is insufficient.

From the Whitley Circuit Court.

*T. R. Marshall, J. S. Collins* and *J. W. Adair*, for appellant.

*W. Olds* and *M. Sickafoose*, for appellee.

BIDDLE, C. J.—Complaint by appellant against the appellee, in two paragraphs.

The substantial facts alleged in the first paragraph are as follows:

That, about the 20th day of January, 1875, the appellee commenced suit against the appellant, in the Whitley Circuit Court, on a promissory note made by the appellant to the appellee, purporting to be for a loan of two hundred dollars; that the appellant was duly served with process; that he made no appearance to said action, but that on the 1st day of May, 1875, judgment was rendered against the appellant for two hundred and forty-one dollars and sixty-seven cents; that there is a clerical error in said proceedings, showing that an appearance was entered for the appellant, when there was, in fact, no such appearance, and that he never authorized any one to appear for him; that, by another clerical error, the record fails to show the taking of a default against the appellant, when in truth and fact such default was taken; that the appellant, about two weeks before the commencement of said suit, was informed by Martin Schuetzler, Theodore

Gantz, and John Wagner, the president, secretary and treasurer of the appellee, that he was indebted to said association in the sum of about sixty-five dollars, and that unless he paid the same his home would be forfeited, and steps taken to collect the fines, dues, interest and assessments payable to said appellee, and from the conversation he had with Schuetzler, Gantz and Wagner, he was led to suppose, and did suppose, that judgment would be rendered against him for said amount; that he is a citizen of German extraction, and, while he understands the English language, he is not sufficiently conversant with it to comprehend all its peculiar idioms—especially is he not conversant with the modes of legal procedure; that the sheriff did not read the summons to him, and he believed that he was only sued for the sum of sixty-five dollars, and told the sheriff that he need not read it, that he knew what it was; that, when he signed the purported promissory note, he thought it never was to mature, but thought it simply a bond for the payment of interest, dues, fines and assessments against him by the constitution and by-laws of said association; and, relying upon the honesty and integrity of the men who made the statements to him in regard to his indebtedness, he suffered, through inadvertence, surprise and excusable neglect, a default to be entered and judgment taken against him, which he never knew until the appellee caused an execution to be issued, etc. Prayer to set aside the judgment and allow him to answer, etc.

The second paragraph is not different, legally, from the first.

A demurrer was filed to the complaint, alleging the insufficiency of the facts stated. Demurrer sustained. Exceptions. Judgment. Appeal.

This complaint is so clearly insufficient, according to the following authorities, that we do not discuss the question: *Robertson* v. *Bergen*, 10 Ind. 402; *Frost* v. *Dodge*,

15 Ind. 139; *Hays* v. *The Bank of the State*, 21 Ind. 154; *Dunham* v. *Tappan*, 31 Ind. 173; *Phelps* v. *Osgood*, 34 Ind. 150.

The judgment is affirmed, at the costs of the appellant.