THE STATE, EX REL. ATTORNEY GENERAL, *v.* THE TERRE HAUTE AND INDIANAPOLIS R. R. Co.

SUPREME COURT.—*Superior Court.*—*Assignment of Error.*—*Practice.*—On an appeal from the special, to the general, term of the superior court no assignment of error was made; but, on appeal thence to the Supreme Court, error was there assigned upon the judgment of both general and special terms.

*Held*, that the assignment of error upon the judgment at special term was

too late, that the assignment of error upon the judgment at general term raised no question not there assigned on appeal from special term, and that, as no error was assigned on such appeal, no question is presented to the Supreme Court for decision.

SAME.—*Negligence.—Diminution of Record.—Mistake, Inadvertence, Surprise or Excusable Neglect.*—A party appealing a cause must rely upon his own diligence and not upon that of the clerk of the lower court, to procure and file a correct transcript of the cause ; and the lapse of time, after an omission by the clerk of an essential part of the record, whereby the error relied upon by him can not be considered by the appellate court, will prevent his obtaining relief from such omission as a mistake, an inadvertence, a surprise or an excusable neglect.

SAME.—*Rehearing.*—A rehearing will not be granted for the purpose of amending the transcript.

SAME.—*Affirming Judgment.—Dismissal of Appeal.*—The Supreme Court, on appeal, will not dismiss the appeal, but will affirm the judgment, where no question is presented though the appeal was properly taken.

From the Marion Superior Court.

*C. A. Buskirk, J. C. Denny, W. R. Harrison, S. Claypool, W. A. Ketcham* and *J. L. Mitchell,* for the State.

*B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

BIDDLE, J.—In this case the appellee had judgment in its favor on a demurrer to the appellant's complaint, in the Superior Court, at special term.

An appeal was taken to the general term, wherein the judgment was affirmed, from which an appeal was taken to this court.

In the transcript we find this entry :

" The appellant files an abstract of the entry docket, and the following assignment of errors in this cause: [Not on file.]"

But no assignments of error appear in the transcript, as made at the general term.

In this court the appellant has properly assigned as error, that " Said court in general term erred in affirming the judgment in special term," and also assigns as error, that the court in special term erred in sustaining the de-

murrer to each paragraph of the plaintiff's complaint. This second assignment of error is made too late in this court. We have frequently decided that we can consider nothing in this court except the assignments of error made in the superior court at general term. This practice is well settled. *Huffman* v. *The Indiana National Bank of Indianapolis*, 51 Ind. 394; *Selking* v. *Jones*, 52 Ind. 409; *Alexander* v. *The North-Western Christian University*, 57 Ind. 466; *Miller* v. *The State, ex rel. Harrington*, 61 Ind. 503.

There being no assignments of error made at the general term of the superior court in the transcript, no question is presented to this court for decision.

The judgment is affirmed.

## ON MOTION TO RELIEVE FROM THE JUDGMENT, OR FOR A RE-HEARING.

BIDDLE, J.—The appellant moves the court to be relieved from the judgment in this case, on the ground of mistake, inadvertence, surprise and excusable neglect. In support of the motion, the appellant files the following affidavits:

"James C. Denny. on his oath, says, that he is one of the attorneys in the above entitled case; that, at the time the clerk of the superior court was preparing the transcript in this case, he was informed that the demurrer to the complaint, which was filed therein, and the exhibits referred to in the complaint, were off the files and could not be found. He then had said papers supplied and then directed the clerk to complete the transcript. A few days thereafter he learned that the record was completed, and, as he now remembers, he informed Judge Claypool of the fact. After he learned that the record was completed, he procured from the clerk of the superior court the original papers in said cause; he then found the complaint, the exhibits, the demurrer to the complaint and the abstract and assignment of errors endorsed thereon, and supposed the

same had been copied into the record which was filed in this court.     He now makes a copy of said abstract and assignment of error a part of this affidavit, marked ex- hibit A.

" He further says that he was informed by Judge Clay- pool, who filed the record in this court, that he had filed a written request that the cause be argued orally; that, for this reason he did not examine a copy of the record on file in this court; he knew that the abstract and assignment of errors were with the papers a few days after the clerk had completed the transcript of the record, and therefore sup- posed that it was on file and with the papers at the time the record was made for this court.

" He says, that he did not examine the record on file in this court, because he supposed and believed, that the mag- nitude of the case would induce the court to grant an oral argument of the same, and that a time would be fixed for such argument, and that sufficient time would be obtained to examine the record and prepare for the argument; and, for this reason, he did not examine the record on file in this case.

" He further says, that, at the time the clerk called his attention to the fact that the demurrer to the complaint and exhibits were lost, he said nothing to him about the abstract and assignment of errors being off the files.

" J. C. DENNY."

" Solomon Claypool, being duly sworn, on his oath says, that he is one of the attorneys of the appellant in this case, and he believes there is merit in the appeal.  He fur- ther says, that, before the transcript was made out for the Supreme Court, his attention was called to the fact that the demurrer to the complaint and an exhibit to the com- plaint were missing from the files, and he, the officer, as- sisted in supplying said missing papers, and supposed that the record was complete.

" When the record came into his hands, knowing that

there was but one error that could be decided, he assigned that error, believing the record to be complete. The fact that the affiant's attention had been called to the two missing papers was calculated to, and the affiant supposes it did, create an impression that the transcript was correct, after said papers were supplied.

" The affiant can not now state, whether he did or did not look through the whole record before assigning or directing the errors to be assigned. But the affiant believes that he did examine the certificate of the clerk, but of this the affiant can not speak with certainty. Affiant further says, that, in the brief filed by the appellant, [he] prayed the court for an oral argument of this case, and a copy of said brief and petition is herewith filed as a part hereof.

                                        " S. CLAYPOOL."

The transcript in this case was filed in this court, and the cause submitted by agreement, on the 17th day of November, 1876. The briefs, which were those used at the hearing of the case in general term below, were filed in this court on the 29th of January, 1877, since which date to the 25th day of November, 1878, the day upon which the case was decided by this court, it does not appear that the counsel for appellant had taken any action in the case. Thus it appears that two years elapsed from the time the appeal was taken to this court, before the final decision of the case.

How the facts that the exhibits and demurrer to the complaint were missing before the transcript was made, and that the clerk did not inform them of any other defect, were calculated to create, or did create, an impression in the mind of the counsel, that the transcript was correct, after the missing papers were supplied, is not apparent to us. It would rather seem that it ought to have awakened their attention to the fact that the transcript might be imperfect in some other respect. Nor can we see why their

petition for an oral argument can be made an excuse for relaxing their diligence in seeing that the case was properly prepared, for the argument to be heard. And surely the magnitude of the case is no excuse for their being less diligent in pursuing their rights than they otherwise would have been, if it had been of less importance.

Notwithstanding all that is stated in the affidavits, the fact appears plain to us that the counsel, from the time the appeal was taken until after the final decision was made,—a period of two years—did not examine the transcript to see that it was correct; indeed, it does not appear that they ever examined it at all; for, if they had, the diminution being so palpable, and in so material a part, they certainly would have discovered the defect.

It does not appear to us that such a state of facts could fairly be called, within the range of a sound judicial discretion, a mistake, inadvertence, surprise or excusable neglect; indeed, we very much fear, that an exercise of our discretion, holding such a state of facts sufficient, would amount to abuse. *Sheffermeyer* v. *The Columbia City German Building, Loan and Savings Association,* 58 Ind. 191.

The appellant also claims, that, if no other relief can be granted, we should grant their petition for a rehearing, upon the ground that the court, the transcript being defective, had no jurisdiction to finally decide the case by affirming the judgment, but that the appeal, for the reason of the defect in the transcript, ought to have been dismissed; and, in support of this view, the counsel cite section 581 of the code, which enacts, that "No appeal shall be dismissed for any informality or defect in the transcript or appeal bond; if the appellant shall correct the informality or defect within a reasonable time." 2 R. S. 1876, p. 247. We think that two years was a reasonable time to correct the informality in this transcript. Besides, we can not see how that section can require us to dismiss this appeal,

The State, *ex rel.* Attorney General, *v.* The T. H. & I. R. R. Co.

when it forbids the dismissal of any appeal for the causes alleged against this transcript. The appeal was properly taken, the proper assignment of error was made in this court, the cause was submitted for our decision; we could not therefore afterwards, *ex officio,* dismiss the appeal. We could not dismiss it on motion of the appellee; no one but the appellant could dismiss the appeal; and, unless the appellant did dismiss it, the appellee was entitled to the judgment of this court. For these reasons we were required to decide the case and not dismiss the appeal; and no one claims that it could have been decided any other way, in the condition of the transcript, than to affirm the judgment. The authorities concur with our reasoning on this point. *Wilson* v. *Harrison,* 44 Ind. 468; *Bush* v. *The Grover and Baker Sewing Machine Co.,* 48 Ind. 258; *Russell* v. *Harrison,* 49 Ind. 97; *Huffman* v. *The Indiana National Bank of Indianapolis,* 51 Ind. 394. And the practice is settled that we can not grant a rehearing for the purpose of amending the transcript. *Warner* v. *Campbell,* 39 Ind. 409; *Cole* v. *Allen,* 51 Ind. 122.

The great magnitude of the case,—the amount claimed being one hundred thousand dollars—the fact that the State is the appellant and that the cause of action—being for the benefit of the school fund—is one of great public importance, were all forcibly urged upon us by the counsel for appellant, in their oral argument on the petition for a rehearing, but we do not perceive the force of this reasoning. The law takes no greater care of large amounts than it does of small ones, unless the latter are so infinitesimal as to fall within the maxim, *de minimis non curat lex;* nor has the interest of the State any higher claims to justice than those of the appellee or any private person; and we know of nothing of greater public importance than that the courts should decide every case before them according to the very law and the facts.

Both the motion and the petition must be denied.