The State, ex rel. Coghlen, v. Porter, Governor, et al.

---

No. 10,595.

THE STATE, EX REL. COGHLEN, v. PORTER, GOVERNOR, ET AL.

STATE BONDS.—*Internal Improvement Loan.*—*Compound Interest.*—*Unreasonable Delay of Payment.*—*Question of Fact or Law.*—Where it appears that there is a controversy between the State and the holder of its bonds, in regard to the rate of interest such bonds shall bear after maturity, and that the State, under the advice of its Attorney General, has delayed payment until the question in dispute could be determined by the courts, the question as to whether or not the delay of payment for such a purpose was so unreasonable as to entitle the holder of the bonds to compound interest, is a question of fact and not of law.

AGREED CASE.—*Judgment Conclusive.*—*Estoppel.*—*Exception.*—Where the State, by its proper officers, enters into an agreed case, if it is not bound by the agreement, it is in any event concluded by a judgment and decision to which it has not excepted.

SAME.—*Correction of Mistake.*—*Assignment of Error.*—*Superior Court.*—Where there is a clear and palpable mistake in an agreed case and in the judgment thereon, the court at special term is authorized, upon motion of the aggrieved party, to correct such mistake; and if the opposite party desires to present any question in relation to the ruling on such motion to the court in general term, he must not only except to such ruling, but he must assign the same as error or cross error, in the general term, and, if the assignment is not there made, the question can not be presented in the Supreme Court on appeal from general term.

From the Superior Court of Marion County.

*J. R. Wilson, J. L. Wilson, T. A. Hendricks, A. W. Hendricks, C. Baker* and *O. B. Hord,* for appellant.

*F. T. Hord,* Attorney General, for appellees.

HOWK, J.—This was an agreed case under the provisions of section 553, R. S. 1881. The cause was submitted for trial to the court, at a special term, upon an agreed statement of facts, and the court made finding in part for the appellant's relator and in part for the appellees, and, on April 29th, 1882, rendered judgment accordingly, to which judgment the relator at the time excepted. Afterwards, on November 15th, 1882, the relator moved the court in writing to correct an alleged mistake in the entry of the judgment. On the 21st day of November, 1882, the appellees appeared and answered the relator's written motion, and filed their cross motion to amend the entry of judgment in a specified particular. Upon a hearing had on November 25th, 1882, the court sustained the relator's motion, and made an order correcting the entry of judgment in accordance therewith, to which ruling and order the appellees at the time excepted. Their motion for a new trial having been overruled, they excepted to the ruling and filed their bill of exceptions. Both parties appealed to the court in general term, where the judgment and subsequent order of the court at special term were in all things affirmed, and from this judgment of affirmance this appeal is now here prosecuted.

By proper assignments of error and cross error, the parties brought before this court the errors and cross errors which they respectively assigned in the court below in general term. We will first consider and dispose of the relator's errors, assigned by him below, in general term. These errors were as follows:

1. The court at special term erred in overruling relator's motion for a new trial.

2. The finding and decision of the court were contrary to the evidence.

3. The finding and decision of the court were contrary to the agreed facts and the agreed case.

4. The finding, decision and judgment of the court were contrary to law.

5. The finding and judgment of the court were not sustained by the agreed facts and by the evidence.

6. The court erred in assessing the amount of recovery, the same being for a sum too small; the same should have been $121,740.72, with interest thereon from December 3d, 1877.

All the questions presented for decision by these alleged errors depend upon the agreed facts. It is necessary, therefore, to a proper understanding of the questions decided, and of the grounds of our decision, that we should first give a summary, at least, of the agreed facts; and this we will do as briefly as we can.

On the first day of July, 1836, the State of Indiana, by its agents, lawfully authorized thereunto, executed its certain negotiable bonds, twenty-four in number, to J. J. Cohen & Brothers, or bearer, the bonds differing only in the number which they bore, and being numbered as follows: 284, and 260 to 282, inclusive; by which bonds the State promised to pay to J. J. Cohen & Brothers, or bearer, the sum of $1,000, with interest on each bond from its date to maturity at the rate of five per cent. per annum, at the Merchants' Bank, in the city of New York; each of the bonds maturing twenty-five years from date of same, to wit, on the 1st day of July, 1861; the interest upon each of the bonds being payable in semi-annual instalments, of $25 each, the semi-annual instalments of interest to maturity being put into coupons, attached to the several bonds, the same numbering fifty to each bond at the date of its execution. · Before the maturity of the bonds or any of the coupons, the bonds and coupons were duly sold, assigned and delivered to the relator, Henry Coghlen, who was the owner of the bonds and of forty-one coupons attached to each of the bonds, to wit, 984 coupons; the other nine coupons, attached to each of the bonds, were duly paid at their maturity by the State of Indiana. All the bonds were of the same tenor and effect, and the following is a copy of one of them:

The State, *ex rel.* Coghlen, *v.* Porter, Governor, *et al.*

"UNITED STATES OF AMERICA, STATE OF INDIANA.
                "*Internal Improvement Loan.*
"$1,000.              Five per cent. Stock.            No. 284.
"Under the Act of the General Assembly of the State of Indiana, entitled 'An Act to provide for a general system of internal improvement in Indiana,' approved January 27th, 1836.

"*Know all men by these Presents,* That there is due from the State of Indiana to J. J. Cohen & Brothers, or bearer, the sum of one thousand dollars, bearing an interest of five per centum per annum from the date hereof, the first of which interest is payable the first day of January next, and thereafter semi-annually on the first days of July and January, at the Merchants' Bank, in the city of New York, on presentation and delivery of the dividend-warrants severally hereto subjoined until payment of the principal sum, which principal sum, being stock created in pursuance of the Act of the General Assembly aforesaid, is payable in twenty-five years from the date hereof. And for the payment of the interest, and the redemption of the principal aforesaid, at the city of New York, the faith of the State of Indiana is irrevocably pledged. Witness our hands, at Indianapolis, this first day of July, 1836.          (Signed)        JER. SULLIVAN,
                                        "SAMUEL HANNA,
                                        "ISAAC COX,
                                                "Commissioners."

And the following is a copy of a coupon attached to the bond, to wit:

"Indiana Internal Improvement Loan. Under the Act of January 27th, 1836. Merchants' Bank in the city of New York pay to bearer twenty-five dollars, being half a year's interest on Bond No. 284, due July 1st, 1841." Signed, etc.

The remaining forty coupons attached to said bond are of like tenor and effect, except as to the time they fall due, the same falling due semi-annually in January and July of each year to July 1st, 1861, when the last coupon fell due. To

each of the bonds were attached forty-one coupons of like character and terms as the preceding.

On the 12th day of December, 1872, the General Assembly of the State of Indiana, by an act entitled "An Act to provide for the payment of sundry bonds or stocks of the State of Indiana issued prior to the year 1841, and declaring an emergency," made provision for the payment of one hundred and ninety-one bonds, with the coupons to the same belonging, upon the terms therein set forth; and the bonds and coupons involved in this suit were a part of the number contemplated in the aforesaid act, and for the payment of which the act provided, and the number of the bonds mentioned in the preamble of the act had not all been paid, but twenty-four of the number remained unpaid.  At a meeting of the board, composed of the Governor, Attorney General, Treasurer of State and Secretary of State, of the State of Indiana, held at the office of the Governor of the State, on the 3d day of December, 1877, the relator, Henry Coghlen, appeared and presented to the board the bond No. 284, and the forty-one coupons thereto attached, and then and there demanded payment of the bond and coupons, with interest on the bond and its coupons, from the maturity of the bond, and from the maturity of the coupons respectively, to December 3d, 1877, at the rate of seven per cent. per annum, the sum then and there demanded, so computed, being $5,072.50.   The board then and there declined to pay the sum so demanded, but announced its willingness to pay the bond and coupons, with interest thereon after the maturity thereof respectively, up to the 13th day of February, 1873, at the rate of six per cent. per annum, and at no greater rate and for no longer time, alleging as a reason for their course that a preceding board had, on the day and year last named, adopted the following resolution, to wit: "That, as the State has announced its readiness to pay the bonds, by making public the law for that purpose, that interest be allowed up to February 13th, 1873, and not thereafter." The announcement referred to in this resolution consisted

only in the enactment of the law, and its publication, as other laws are published.

It was further agreed that the amount so demanded by the relator was correct, being computed on the basis aforesaid, as to amount and mode of computation. At the time of such demand as aforesaid the board had full knowledge that the relator was the owner and holder of twenty-three other bonds and forty-one coupons to each bond belonging, of like terms, character, tenor and effect, and the relator was still the owner and holder of the said other twenty-three bonds. It was further agreed that the principal and interest upon the twenty-four bonds and their coupons amounted to the sum of $121,-740.72 upon the day of the demand, made as aforesaid upon the said board. At the date of the execution of the bonds and coupons, and from that date up to the — day of ———, 187–, under a public law of the State of New York, where the bonds and coupons were payable, in that behalf enacted, the customary or legal rate of interest on such contracts, after maturity, and in the absence of a stipulation to the contrary, was at the rate of seven per cent. per annum. This law was changed in 187–, and the rate reduced to six per cent. per annum. On the first day of August, 1881, the board aforesaid, acting for and on behalf of the State of Indiana, tendered to the relator the principal sum of the twenty-four bonds and of the coupons, with interest thereon after maturity at the rate of seven per cent. per annum, the amount so tendered being $128.560.34; but the relator refused to accept the amount so tendered, although the tender was in all respects legal to the extent of the amount tendered, and demanded payment on the bonds and coupons of the sum of $121,740.72, with interest thereon at the rate of seven per cent. per annum, from the 3d day of December, 1877, to the first day of August, 1881, the day of the tender as aforesaid, the amount of such demand then being $152,940.12; which sum so demanded the board refused to pay, and then and there announced that it would pay no greater or different sum than that tendered as aforesaid.

Either party may appeal from the decision of the court to the Supreme Court; and the production in court of the amount of the tender, of August 1st, 1881, was waived.

It was also agreed that the court might pass upon and finally determine the following questions:

"Is the relator entitled to interest from the third day of December, 1877, to the first day of August, 1881, on the aggregate sum of the twenty-four bonds, including the coupons and interest on the bonds and coupons?

"If the relator is entitled to interest on such aggregate sum as aforesaid, does the Indiana or the New York rate prevail?

"If the law be with the plaintiff upon the facts as aforesaid, judgment shall be for the plaintiff, that the bonds above described shall be surrendered up to the aforesaid board, and a mandamus issue commanding said defendants to pay $152,-940.12, and interest on $121,740.72 from August 1st, 1881, to the time of the decision of this case; and if the law be with the defendants, judgment shall be, that the bonds above described shall be surrendered up, upon payment of said sum of $128,560.34; and to the end that this controversy may be made final and conclusive, the said bonds are now brought into court, and deposited with the clerk thereof."

This agreed statement of facts was signed by the attorneys of the parties; and it appeared, from an affidavit thereto attached, that the controversy was real and the proceedings in good faith to determine the rights of the parties.

It will be seen from the agreed statement of facts that, at the commencement of this suit, the only questions in dispute between the parties were these:

1. Was the relator entitled to compound interest on the interest which had accumulated on his bonds and coupons up to December 3d, 1877, from that date up to the time of the decision of this cause? And,

2. If he was entitled to such compound interest, should it be computed at the rate prescribed by the statute of this State, or by the statute of New York?

So far as the first question is concerned, it is claimed by the relator that he was and is entitled to such compound interest, and he bases his claim solely upon the ground that, from and after the third day of December, 1877, the interest then accumulated, due and unpaid on his bonds and coupons from the times of their respective maturity, has been "withheld by unreasonable delay of payment." It is conceded by relator's counsel, as we understand them, that the question as to whether or not there has been an unreasonable delay of payment is a question of fact and not of law. Counsel say: "The position of the appellant is that he is entitled to interest, or damages, on such sum from December 3d, 1877, because, from that time on, the withholding of payment was unreasonable. As to whether the withholding of payment was unreasonable, is a question of fact. The agreed facts herein speak for themselves on that subject."

The court below, at special term, was the trier of the facts, and it found for the relator in the sum agreed upon, excluding all compound interest, and, in effect, denying his claim therefor, and ordered the appellees to pay to the relator, upon his surrender of his bonds and coupons, the sum so found due him. Then followed this finding and judgment: "As to all the other facts set forth in the agreed case, the finding and judgment of the court be and are for the defendants." This finding and judgment were in effect a denial of the relator's right to compound interest, whether for unreasonable delay of payment or for any other cause. The court in general term affirmed this finding and judgment, and we think there was no error in this judgment of affirmance, of which the relator can complain. It is said the agreed facts show that the delay of payment was unreasonable. It is shown by the agreed case, that the parties could not agree upon the question as to what rate of interest the bonds and coupons bore after their maturity; and it may be assumed, we think, that the board, under the advice of the highest law officer of the State, withheld payment of the amount demanded until the question in

dispute could be determined by the courts. Such delay of payment, for such purpose, does not seem to us to be an "unreasonable delay of payment" within the meaning of the statute.

We are of the opinion, therefore, that the relator was not entitled to compound interest for any cause, and this conclusion renders the second question above stated immaterial, and it need not be considered or decided.

By their cross error the appellees have brought before this court only such cross errors as were properly assigned by them in the court below in general term. The only cross errors assigned by them in general term were matters which might have constituted proper causes for a new trial in their motion therefor, if the case had been one in which such motion was necessary; but, as assignments of error, these matters presented no question for decision, either by the general term or by this court. *Bartholomew* v. *Preston,* 46 Ind. 286. But the case is one in which a motion for a new trial was not required; and, if it had been necessary, the appellees did not assign the overruling of their motion for a new trial as a cross error in the general term. It is clear, therefore, that, in any view of this case, the appellees have not properly saved and reserved in the record any questions for the decision of this court.

The judgment of the court, in general term, is affirmed, at the costs of the relator.

## ON PETITION FOR A REHEARING.

HOWK, J.—Appellees' learned counsel asks a rehearing of this cause upon the ground, as we understand him, that we mistook the record in holding, as we did, that " the appellees have not properly saved and reserved in the record any questions for the decision of this court." Did we mistake the record?

In the general term of the court below the appellees assigned the following cross errors:

" 1. The finding of the court was and is contrary to law;

" 2. The finding of the court is not sustained by the evidence, and is contrary to the evidence;

" 3. The court had no authority to change the agreement, or to render judgment for more than that agreed to, in the agreed statement and case;

" 4. The finding of the court is excessive, and the amount for which the correction was made was and is excessive, and is contrary to law and the evidence; and,

" 5. The court allowed more interest than that to which relator was entitled, and at a greater rate of interest than authorized by law."

Each one of these cross errors stated matter which would have constituted a proper cause for a new trial, if the case had been one in which a motion for a new trial had been requisite or necessary. The appellant's relator, in an agreed case, obtained a judgment of the court at special term for a peremptory mandate against the appellees, in their official capacities. The only " matter of controversy " between the parties in such agreed case was decided by the court in favor of the appellees, and, of course, they did not except at the time to the court's decision. As to the rate of interest allowed by the court, it seems to us that the appellees, if not bound by their agreement, are in any event concluded by the judgment and decision of court, to which they saved no exception.

But there was a mistake in the agreed case, and in the record thereof and of the judgment thereon; and the relator filed a written motion to correct such mistake. It was a mistake in figures or amounts, apparent on the face of the record, and was so clear and palpable that it could not be controverted. It was not a motion for a *nunc pro tunc* order or entry; for the entry had been made at the proper time. But it was, as we have said, a motion to correct an apparent mistake in the record of the judgment. The court was fully authorized, we think, to correct such a mistake, if it existed, upon the motion or petition of either party. *Jenkins* v. *Long*, 23 Ind. 460;

*Miller* v. *Royce*, 60 Ind. 189; *Reily* v. *Burton*, 71 Ind. 118; *Mitchell* v. *Lincoln*, 78 Ind. 531.

When the court at special term sustained the relator's motion to correct the mistake in the record of this cause, the appellees at the time excepted. On the appeal to the court in general term, if the appellees desired to present any question in relation to the decision at special term, in sustaining the. relator's motion, it seems to us that they should have there assigned, as a cross error, that the court at special term had erred in sustaining the relator's motion to correct the alleged mistake in the record of the judgment. This was the only proper assignment of cross error to call in question the ruling of the court on the motion, either in the general term or in this court; and this cross error, as we have shown, the appellees did not assign in the general term, either in form or substance. We are of the opinion, therefore, that the appellees' assignment of cross errors, in the general term below, did not properly present any question for our decision.

Besides, the substantial merits of the controversy in this case (except as to the relator's claim for compound interest, which we have decided against him) were settled adversely to the appellees, in the case of *Gray, Governor*, v. *State, ex rel. Coghlen*, 72 Ind. 567. Upon all the questions decided therein the case cited must be considered as, at least, the law of this case.

The petition for a rehearing is overruled, at the appellees' costs.