610    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Richey—41 Ind. App. 610.

## INDIANAPOLIS TRACTION & TERMINAL COMPANY
### *v.* RICHEY, ADMINISTRATOR.

[No. 5,862.   Filed June 7, 1907.   Rehearing denied February 7, 1908.
Transfer denied April 28, 1908.]

APPEAL.—*Assignment of Errors.—Wrong Court.*—An assignment
that there is "manifest error in the record proceedings and judg-
ment of the Superior Court of Marion County in this cause"—set-
ting out same—presents no question, where the record shows that
such errors, if any, were committed by the Morgan Circuit Court,
to which the venue had been changed when the rulings complained
of were made.  Comstock, J., dissenting.

From Morgan Circuit Court; *Joseph W. Williams*, Judge.

Action by William H. Richey, as administrator of the
estate of Perry Lee Richey, deceased, against the Indian-
apolis Traction & Terminal Company.  From a judgment on
a verdict for plaintiff for $2,500, defendant appeals.
*Affirmed.*

*F. Winter, W. H. Latta* and *Oscar Matthews*, for appel-
lant.

*Charles B. Clarke, Walter C. Clarke, Walter L. Carey, C.
G. Renner* and *J. C. McNutt*, for appellee.

WATSON, P. J.—This action was commenced in the Su-
perior Court of Marion County and was by change of
venue transferred to the Morgan Circuit Court.  In the
last-named court a trial was had by jury, resulting in a
verdict and judgment in favor of appellee.  The jury re-
turned with the general verdict interrogatories and an-
swers thereto.  The appellant moved for judgment upon the
answers to interrogatories which was overruled and there-
upon appellant filed its motion for a new trial, which was
also overruled.  The examination of the record in the case
discloses the fact that neither of said motions was made in
or passed upon by the Superior Court of Marion County.
The assignment of errors is, in part, as follows: ''The

Indianapolis Traction & Terminal Company complains and says there was and is manifest error in the record proceedings and judgment of the Superior Court of Marion County in this cause," and then specifically assigns each error. The errors as thus assigned as to said motions do not present any question for consideration. *Evansville, etc., R. Co.* v. *Lavender* (1893), 7 Ind. App. 655, 662; *State, ex rel.,* v. *Terre Haute, etc., R. Co.* (1878), 64 Ind. 297, 303; *Indiana, etc., R. Co.* v. *McBroom* (1884), 98 Ind. 167; *Smith* v. *Smith* (1886), 106 Ind. 43; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 642; Elliott, App. Proc., §306. The other errors having been waived by the appellant, there is nothing further to be considered.

It therefore follows that this cause should be, and is, affirmed.

Myers, Rabb, Roby and Hadley, JJ., concur; dissenting opinion, Comstock, C. J.

## DISSENTING OPINION.

COMSTOCK, C. J.—Upon the former hearing of this cause the judgment of the trial court was reversed. Appellee petitioned the court for a rehearing, and, among other reasons, claimed that the court erred in holding the third, eighth and tenth instructions, given by the court, as erroneous, and in holding that the instructions were in the record. It was also claimed that the court erred in assuming jurisdiction of the matter tried on errors committed by the Morgan Circuit Court; in assuming jurisdiction of matters not presented by appellant's assignment of errors; and in refusing to dismiss the appeal upon appellee's motion.

It seems proper to say that the transcript was filed in this court on August 29, 1905. The cause was submitted on September 28, 1905, and, under the rules of this court, appellee's brief was due December 27, 1905. Appellant's brief was filed on November 23, 1905. On December 26, one day before the appellee's time of filing brief expired,

appellee asked for additional time, and was granted sixty days, which extended appellee's time until February 25, 1906. February 23, 1906, two days before the time expired, appellee again filed a petition for additional time, and was granted thirty · days, which extended appellee's time for filing brief to March 27, 1906. On March 27, 1906, the last day permitted, the appellee filed a brief. This was eleven days after the year had expired ·for perfecting an appeal or amending an assignment of errors. Judgment was rendered March 16, 1905. At the various dates named, appellee did not raise any question as to the technical sufficiency of the appeal to present every question argued by appellant. When appellee filed his petition on March 27 he had had access to the brief filed by appellant and the record for over four months. His brief filed on March 27, 1906, was an answer to the merits of the cause as presented by appellant's brief filed November 23, and no suggestion in appellee's brief is made that the record did not present every issue tendered by appellant's brief. August 14, 1906, about five months after the filing of the brief on the merits, appellee filed additional authorities ''in support of the proposition stated in appellee's brief.'' December 31, 1906, appellee filed a motion to dismiss. Appellant assigns error of the Marion Circuit Court in overruling defendant's demurrer to plaintiff's first and second paragraphs of complaint, respectively, and in overruling defendant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, and in overruling defendant's motion for a new trial. That there was an inaccuracy in this there can be no question, but it is an error which could not have misled the appellee. A slight examination of the record shows that there was only one motion for judgment on the answers to interrogatories and one motion for a new trial. Appellee could not but know, by reading the assignment of errors and motions, what rulings of the court were referred to. It is manifest, too, that the appellee did not misunder-

stand the assignment of errors, because every question presented by appellant's brief, with reference to the record, was discussed in appellee's brief.

The purpose of §699 Burns 1908, §657 R. S. 1881, is that an appeal should not be dismissed for mere informality or defects, and that an opportunity should be given for correcting them.   The courts have held that a motion to dismiss on technical grounds must be made on the first appearance of a party.  *Walker* v. *Hill* (1887), 111 Ind. 223.   This is for some reasons so obvious that they need not be recited here, but it is especially to give appellant an opportunity of correcting the record as he is allowed to do by §699, *supra,* in the event that anybody had made an oversight which would prejudice his substantial rights.   I concede that there are decisions to the effect that when a cause has been transferred from one court to another, and an appeal prosecuted and errors assigned, naming in the assignment of errors the court which it is alleged committed the error, and the ruling was made by the other court in which the cause was pending, no question is presented.   Such ruling is too technical to be applied in this case, because the record shows in which court the ruling was made and the mistake is apparent.   *McKeen* v. *Porter* (1893), 134 Ind. 483, 486, was a case where the suit was commenced in one court and tried in another upon a change of venue and errors assigned, based upon certain rulings, without specifying which court made the rulings.   The opinion says: ''In this case the appeal is prosecuted from the Fulton Circuit Court, and the assignment of error alleges that the court erred in certain rulings.   If the assignment of error be limited to the rulings made by one court, it is limited to the ruling made by the court from which the appeal is prosecuted, and it was in that court that the trial was had and the judgment rendered against the appellants, and in which the motion for a new trial was made and overruled, on which ruling the alleged errors are predicated.   The better practice,

no doubt, is specifically to name the court which it is alleged erred in its ruling, naming the court which made the ruling alleged to be erroneous, but we think the general assignment, as in this case, is sufficient, as the record itself will show the rulings, and by which court they were made.''

The record in the case before us shows the rulings and the court by which they were made. The assignment of errors is the complaint upon appeal, and the mistake, like a clerical mistake in a complaint, is so manifest that it corrects itself. If the record may be looked to to supply a specification of error without which no question is presented, it may, by parity of reasoning, be looked to to correct an obvious and manifest mistake which cannot prejudice the adversary party. The judgment was reversed for the error of the court in overruling appellant's motion for a new trial. The majority opinion, affirming the judgment, is based solely upon the mistake in the assignment of error before set forth.

The petition for a rehearing should have been overruled, and the former opinion, reversing the judgment of the trial court upon the merits of the cause, reaffirmed.