## LINSMAN ET AL. *v.* HUGGINS.

SUPERIOR COURT.—*Appeal.*—It is not necessary to except to the decision of a superior court in general term, in order to present in the Supreme Court the questions decided by such general term.

SAME.—*Assignment of Errors.*—The assignment of errors in this court, on appeal from a decision of the general term of the superior court, must go to the action of the general term, and not to the rulings at special term.

From the Marion Superior Court.

*G. H. Voss, B. F. Davis, J. A. Holman,* and *W. S. Roy,* for appellants.

*S. J. Peelle,* for appellee.

PETTIT, J.—This case was tried in special term before one judge, and appealed to the general term to be tried by the three judges on questions of law only, which it was alleged had been erroneously ruled by one judge in special term.

Errors were properly assigned on the rulings of the court in special term, for the consideration of the court in general term. The court in general term affirmed the judgment rendered in special term. There was no objection or exception taken to the action of the court in general term, in affirming the judgment of the court in special term, which was necessary to be done to present the question on it in this court.

No appeal was asked or granted to this court, but a bond for an appeal was given, and a transcript of the record of the case in both the special and general terms has been filed in this court.

There is no assignment of error in this court for or on any action of the court below in general term, from which only an appeal can be taken to this court. No appeal can be taken from the action of that court in special term to this court. The assignments of error in this court are merely a recapitulation of those assigned in the court below in general term against the action of the court in special term. These we cannot notice, unless there is assigned for error the

action of the court in general term on some ruling upon them, which would then bring before us the correctness of the rulings in both special and general term, as the assignment of error for overruling a motion for a new trial brings before us for consideration all the reasons or causes filed for a new trial. *Wesley* v. *Milford*, 41 Ind. 413; *Carney* v. *Street*, 41 Ind. 396.

Because no assignment of error is made here, on the ruling of the court below in general term, the judgment is affirmed, with two per cent. damages, at the costs of the appellants.

*Petition for a rehearing overruled.*