## THOMPSON *v.* YOUNG.

SEDUCTION.—*Pleading.*—A complaint by a female to recover damages for her own seduction, if it does not allege that she is unmarried, is insufficient.

From the Rush Circuit Court.

*B. F. Davis, R. A. Black, O. S. Moore, B. L. Smith* and *F. J. Hall,* for appellant.

*L. Sexton, C. Cambern, G. B. Sleeth* and *J. W. Study,* for appellee.

PETTIT, J. — This was a suit by the appellee, Sarah E. Young, by her next friend, John Young, against the appellant, James M. Thompson, for her own seduction, under section 24, 2 G. & H. 55, which is this:

"Any unmarried female may prosecute as plaintiff an action for her own seduction, and may recover therein such damages as may be assessed in her favor."

The question of the sufficiency of the complaint is properly before us.

It is conceded by the counsel of both parties, and numerous authorities are cited to show, that a seduced female had no right of action against her seducer at common law. Her father or master, who had a right to her services, had a right of action, but she had not. Her right depends solely on the statute above quoted. Unmarried women only, by the statute, are authorized to bring and maintain a suit for their own seduction. The complaint does not state or aver that the plaintiff was an unmarried woman. In all cases the complaint must show a right to recover. In such a case as this, the plaintiff must be an unmarried woman, or she has no right to bring a suit or recover, which is not alleged in the complaint.

We hold the complaint insufficient, because it does not allege that the plaintiff was an unmarried woman.

The judgment is reversed, at the costs of the appellee, and the cause remanded, for further proceedings.