### GALVIN v. CROUCH.

SEDUCTION.—*Complaint.*—In an action under section 24 of the code, 2 R. S. 1876, p. 43, for seduction, the complaint must allege that the plaintiff is an "unmarried female."

SAME.—*Common Law.*—Such action did not exist at common law.

From the Boone Circuit Court.

*C. S. Wesner* and *C. C. Galvin*, for appellant.

BIDDLE, J.—Complaint for seduction in the following words :

"Martha J. Crouch, by her next friend, Jonathan G. Crouch, complains of Christopher C. Galvin, and says : That, on the 15th day of April, 1874, at and while the plaintiff was employed as a servant in the family of the defendant, the defendant, at the county of Boone and State of Indiana, did seduce and have carnal knowledge of the plaintiff, who was then and there a person under the age of twenty-one years; and that said plaintiff had always been chaste and virtuous, and born a good character for virtue and chastity until said defendant, at the

time aforesaid, seduced and carnally knew her; and that said defendant did have carnal knowledge of said plaintiff continuously from the 15th day of April, 1874, until the 13th day of June, 1874; and, by reason of said seduction and carnal knowledge that defendant had with plaintiff, she became sick with child, and so remained and continued for the space of nine months from the 13th day of June, 1874, at the expiration of which time, on the 13th day of March, 1875, she was delivered of a male bastard child, of which she was pregnant as aforesaid; that, in consequence of said seduction and carnal knowledge of plaintiff by the defendant, the plaintiff has suffered greatly in her health, and become sick, and so continued for the space of ten months, during all which time she suffered great pain, and was prevented from transacting her necessary business and affairs, and has been greatly injured and disturbed in her peace of mind, and has been otherwise greatly injured, to her damage in the sum of ten thousand dollars. Wherefore," etc.

A demurrer, alleging the want of sufficient facts, was overruled to the complaint. Answer; trial by jury; verdict for appellee. The appellant, by the proper exceptions and appeal, has presented to us the sufficiency of the complaint, and the sufficiency of the evidence to maintain the action, as questions for our decision.

The objection made to the complaint is, that it does not aver the plaintiff to be an "unmarried female." This objection is well taken. At common law the appellee would have had no right of action on the facts stated in the complaint. By our code it is enacted:

"Sec. 24. Any unmarried female may prosecute as plaintiff an action for her own seduction, and may recover therein such damages as may be assessed in her favor."

In asserting a right which did not exist at common law, but is wholly created by statute, the statute must be

strictly complied with. The case of *Thompson* v. *Young*, 51 Ind. 599, is in point.

The judgment is reversed, at the costs of the appellee; cause remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings.