GANN v. WORMAN.

SUPERIOR COURT.—*Appeal to Supreme Court.—Exception.—Practice.*—It is not necessary to except to the judgment of a superior court at general term, to appeal therefrom to the Supreme Court.

WAIVER.—*Appearance after New Trial is Granted.*—Where exception is duly taken to the granting of a new trial, the appearance of the party so excepting. on the second trial, does not waive his objections to the granting of such new trial.

Gann *v.* Worman.

NEGLIGENCE.—*Death of Child—Action by Parent.—New Trial, for Small-ness of Damages.—Statutes Construed.*—Under section 784 of the practice act, the father may maintain an action for damages for the death of his minor child, caused by the wrongful act of the defendant. But section 353 prohibits the granting of a new trial "on account of the smallness of the damages" assessed.

SUPERIOR COURT.—*Practice.—New Trial Improperly Granted.*—Where, in the superior court, a new trial has been improperly granted, at special term, that court may, on appeal to general term, reverse the judgment entered on the second trial, and direct judgment to be entered on the finding or verdict on the first trial.

From the Marion Superior Court.

*C. Byfield* and *L. Howland,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellee.

BIDDLE, C. J.—Complaint by John N. Gann, against William Worman. It alleges that the plaintiff had a child four years old; that the child was sick; that a physician had prescribed quinine for the child; that the defendant is a druggist; that the plaintiff applied to the defendant to purchase ten grains of quinine; that the defendant negligently sold the plaintiff ten grains of morphine instead of ten grains of quinine; that, according to the prescription of the physician, the morphine was administered to the child, supposing it to be quinine; that the morphine so administered caused the death of the child, without any negligence on the part of the plaintiff. Wherefore, etc. Answer; trial by jury; verdict for plaintiff, for fifty dollars.

Motion for a new trial, assigning as the only cause:

"The verdict of the jury fixes the measure of plaintiff's damages too small."

The motion was sustained, and a new trial granted.

At a second trial, the plaintiff had a verdict for five hundred dollars.

A second motion for a new trial, assigning various

causes; motion overruled; judgment on the verdict; appeal to general term ; assignments of error :

‘ 1. Sustaining plaintiff's motion for a new trial :

2. Overruling the defendant's motion for a new trial.

The judgment on the second verdict was reversed by the court in general term, and the cause remanded with instructions to render judgment on the first verdict, with costs, etc.

From this judgment the plaintiff appealed to this court. Neither the evidence given on the first trial, nor on the second trial, is in the record, and no question is made upon instructions to the jury. No exception was taken to the decision of the court in general term. The proper assignment of error is made in this court.

The appellee contends that the case is not properly appealed to this court, because the appellant took no exceptions to the decision of the court at general term, and cites the case of *Linsman* v. *Huggins*, 44 Ind. 474, in support of his views. In the printed text in that case, in the first edition of the reports, the omission of the word " not," in the sentence relied upon by the appellee, reverses the meaning of the court. This error has been corrected from the manuscript in the second edition of the volume. The true decision in that case, as well as several decisions made subsequently, is against the appellant on this point.

The appellant claims that, by appearing to the case in the second trial without objection, the appellee waived his right to take advantage of any error in granting the new trial, in support of which view he cites the cases of *Marsh* v. *Elliott*, 51 Ind. 547, and *Vernia* v. *Lawson*, 54 Ind. 485. But in those cases no objection was made, nor exception reserved, at the time the new trial was granted, and not until a remote subsequent term. In such case, the court very properly decided that the error, if any, was waived. In this case, the appellee reserved his exceptions at the time

the new trial was granted; he waived nothing, therefore, in appearing to the case at the second trial.

The remaining proposition discussed by the appellant is, that this being an action " for an injury to the person," the court could not grant a new trial " on account of the smallness of the damages." It is enacted by the code as follows :

" Sec. 353. A new trial shall not be granted on account of the smallness of the damages in actions for an injury to the person or the reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained.

" Sec. 782. A cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person, and actions for seduction and false imprisonment.

" Sec. 783. All other causes of action survive, and may be brought by or against the representative of the deceased party, except actions for promises to marry.

· " Sec. 784. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same actor omission. The action must be commenced within two years. The damages can not exceed five thousand dollars, and must enure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Section 27 gives the father the right to maintain the action for the injury or death of his child.

By the common law, the present action would not lie, after the death of the child, either for the injury to the person of the child, or for the loss of its service. *Baker* v. *Bolton*, 1 Campb. 493; *Carey* v. *The Berkshire Railroad*

*Co.*, 1 Cush. 475; *Hyatt* v. *Adams*, 16 Mich. 180; *Kramer* v. *The San Francisco Market Street R. R. Co.*, 25 Cal. 434; *Long* v. *Morrison*, 14 Ind. 595; *Galvin* v. *Crouch*, 65 Ind. 56.

There is no statute in this State giving the father the right of action for the lost services of his child, after the child's death.

Section 784 and section 27 give the father a right of action, when the death of his child has been caused by the wrongful act of another, after the death of the child, for an injury to the child, for which the child, had he lived, might have maintained the action. It is clear that the child, had he lived, might have maintained his action for the injury to his person, complained of in this case; and we think section 784 gives the same right to the father, after the child's death. Had the child lived and brought the present action, he would not, under section 353, have been entitled to a new trial on account of the smallness of the damages; and, as the father, under section 784, stands in the place of the child, as to the right of action, he is not entitled to a new trial on account of the smallness of the damages.

It is contended that the cause of action in the child, if he had lived, and the cause of action in the father after the child's death, are not the same; that the cause of action in the father is not an injury to the person, but founded upon the loss of his child by its death, and of its services and society, and for his grief and suffering for its loss, and therefore does not come within section 353; but it is clear, that, by the construction of sections 27 and 784, when taken together, the father can not maintain the action, in his own right, for the injuries done to himself by the loss of his child, but can maintain it only as the representative of his child's right. This construction is made clear by the closing sentence of section

784, which requires the damages sustained by the child to be distributed as part of the personal property of his estate. *The Cincinnati, Hamilton and Dayton R. R. Co.* v. *Chester*, 57 Ind. 297. It follows, from the premises, that the new trial in this case was improperly granted. It was proper, therefore, to reverse the judgment upon the second verdict, and remand the case with instructions to render judgment on the first verdict. *Sharpe* v. *O'Brien*, 39 Ind. 501.

The judgment is affirmed, at the costs of the appellant.