(Superior Court of Cincinnati—General Term.)

JOSEPH GENTILE, Administrator of the Estate of Sebastiano Re, Deceased v.
THE CINCINNATI STREET RAILWAY COMPANY.

*Verdict—Inadequacy of Damages—New trial can not be granted on the ground that damages are too small—Sec. 5306 R. S.*

1. Where in an action to recover damages for wrongfully causing death by negligence, the jury return a verdict for plaintiff, necessarily finding that the death resulted from the negligence of the defendant, and that the plaintiff was free from contributory negligence, a reviewing court will not consider assignments of error based upon the exclusion of testimony offered by the plaintiff tending to show negligence upon the part of the defendant. Such error, even if found to exist, would not be prejudicial to the party complaining.

2. An action to recover for wrongfully causing death is an action for injury to the person, and, therefore, by reason of the provisions of section 5306, Revised Statutes of Ohio, a court has no power to grant a new trial on the ground of the smallness of the damages.

SMITH, J.

This is an action to recover damages from the defendant from wrongfully causing the death of Sebastian Re, an Italian boy thirteen years of age, by running over him with one of its street cars near the corner of Fourth and Plum streets, in Cincinnati.

The plaintiff alleges that the defendant was negligent in several ways: (1.) In not having a suitable, efficient and carefully constructed and approved safe-guard device or fender in front of the forward wheels of its

car; (2.) In running said car at a reckless, careless and unlawful rate of speed; (3.) In failing to ring the bell of said car and warning the people crossing Fourth street of the approach of the car, and (4.) In not keeping a careful and proper outlook for persons crossing Fourth street at the place of the accident.

The defendant denied any negligence upon its part, and contended that the boy killed was guilty of contributory negligence.

The jury returned a verdict for the plaintiff, and assessed the damages at $200.

The plaintiff seeks a new trial upon three grounds:

1. Error in the exclusion of testimony, in the form of depositions, tending to show that for three or more years previous to this accident there had been in practical operation on street railroads in other cities well known practical safety-guard devices designed to prevent persons from being run over by the wheels of the car, and that such devices had been successful in accomplishing such purposes.

2. Error in refusing to give certain special charges on behalf of the plaintiff, the special charges having reference to the question of negligence.

3. Error in the refusal of the trial court to set aside the verdict upon the ground that the damages were too small and entirely inadequate to compensate the next of kin of the deceased.

The first two grounds of error may be disposed of together. The evidence excluded was offered for the purpose of proving negligence, and the charges refused were with reference to the law of negligence in cases of this character. But as the jury returned a verdict for the plaintiff, it must necessarily have found that the defendant was negligent and the plaintiff free from negligence. Any testimony, therefore, which made the proof of this negligence stronger in contemplation of law, could not have benefited the defendant, because, if admitted, it could only properly have influenced the jury upon the issues of negligence and contributory negligence; and inasmuch as the jury found both of these issues in favor of the plaintiff, the exclusion of the testimony was not error prejudicial to the plaintiff. The rule is well settled that a case will not be reversed for error unless such error is prejudicial to the party complaining. This proposition is conceded by plaintiff, but it is contended that where error intervenes, it is presumed to be prejudicial, and that it is not necessary for the plaintiff to show affirmatively that the ruling has been prejudicial. Generally speaking, this contention is sound, but the proposition it involves has application only in those cases where the verdict or decision was adverse to the party complaining, and upon the issue with reference to which the ruling was made.

It does not apply in cases such as the one at bar, where the verdict was in favor of the party complaining, and upon the very issue with reference to which he wished to introduce the excluded testimony. If a new trial were granted and the excluded testimony admitted in the new trial, the jury could not decide the issue of negligence any more favorably to the plaintiff than it has done. To reverse the case for the purpose of enabling plaintiffs to introduce this testimony would be of no benefit to plaintiff.

If this were a case in which punitive damages could be awarded by the jury, then the exclusion of the testimony which tended to aggravate the negligence would be erroneous; but because the ordinary jury may be inclined, where the negligence is great, to increase the damages, even in a case such as this, is where the amount to be awarded can only be compensatory, is not a sufficient reason for a court to regard the error as prejudicial. A jury in increasing the damages for such a reason is acting contrary to law, and the action of a court in reversing a case to possibly

enable a jury to so act would necessarily be an endorsement of illegal conduct. In contemplation of law it is the duty of the jury in such a case to determine whether the death was due to defendant's negligence, and if it was, then to make such an award in damages as will compensate the widow and next of kin for the pecuniary loss they have suffered. Whether the negligence was greater or less is immaterial, provided only the jury find that it was the cause of the death of the deceased. This they did in the case at bar, and even though the negligence were greater, the award of damages must have been the same.

As the charges refused related solely to the issue of negligence, it follows from what has been already said upon the subject of the exclusion of the testimony that the error, if any, was not, in contemplation of law, prejudicial.

But it is urged that the award of damages was too small, and that the trial court should have set aside the verdict upon this ground.

The question that confronts us upon the very threshold of this inquiry is: Has a court power to grant a new trial upon this ground, even though it is of the opinion that the amount awarded is too small? The decision of this question involves a construction of section 5306, Revised Statutes. The section is as follows:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action where the damages equal the actual pecuniary injury sustained."

This action is not one for an injury to the reputation; and the statute is applicable only in the event that it is regarded by our court as an action for injury to the person.

In the case of Russell v. Sunbury, 37 Ohio St. 372, the Supreme Court of our state had occasion to examine and determine the question of the nature of this action. In that case the person causing the death had died before the action was commenced, and the question before the court was whether the right of action had abated by such death. In discussing the difference between an action by the person injured and one by the widow and next of kin under the statute the court said:

"In his (the person injured) action the measure of damages is determined by the extent of the personal injury, enhanced, it may be, by punitive damages, while the measure of damages in the latter action is the pecuniary injury to the widow and next of kin, the loss to them caused by his death. In each case the action is in form ex delicto."

The court then proceeds to point out that all actions ex delicto abated at common law by the death of either party; that this rule embraced injuries to "person, to personal and to real estate;" that so far as actions for injuries to the person, and not pending, were concerned, this rule of the common law still prevails in Ohio; that the action for causing wrongful death is a action for injury to the person, and not to the estate, and that, therefore, the right of action has abated by the death of the defendant.

In addition to the citation previously made, in which the court says that the injury to the widow and children is an injury to them, with the word "them" italicized, the court also says:

"The damages recovered are for the pecuniary injury to the widow or next of kin, and not for injury to his estate. The legal injury for which a recovery may be had is that done to them by causing the death of the person standing in a certain relation to them;" and after deciding that the injury suffered is not to the personal or real estate of the widow or next of kin, and therefore is an injury to their persons, the court concludes as follows:

"We conclude, therefore, that section 398 of the code does not prevent the abatement of a right of action for damages to the person. As the right of action given by the statute is for the pecuniary loss to the widow and next of kin, the legal injury is the one sustained by them, and not by him or by his estate. It is not an 'injury to their estate. It is based upon the relation the deceased bore to them, and on his duty to provide for and support them. If there is no one occupying the relation of widow or next of kin, no right of action accrued. It follows that the injury caused to them by the death is a personal injury to them, and not an injury to their estate."

In view of the decision in Russell v. Sunbury, it seems to us settled in Ohio that the injury which the plaintiff's beneficiaries suffered was an injury to the person, and therefore that the present action falls within the class of cases in which the courts are not permitted to set aside a verdict upon the ground of the smallness of the damages.

In the case of Kinser v. Soap Creek Coal Co., 51 Northwestern Reporter, 1151, an action to recover damages for wrongful death, the District Court of Monroe county, Iowa, had occasion to construe the Iowa statute, which is quite similar to the Ohio statute, and is as follows:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation where the damages equal the actual pecuniary injury sustained."

The difference between this statute and the Ohio statute is that the latter has inserted between the words "reputation" and "where" the words "nor in any other action," thus restricting the right to set aside the verdict in Ohio even more than in Iowa.

The district judge was of the opinion that the damages were inadequate, but regarded himself as without power to set aside the verdict on this ground, inasmuch as the action was one for injury to the person, and therefore within the statute.

In the course of his opinion the district judge said:

"Our Supreme Court has held that an action by the husband and father for damages on account of the death of the wife and child by the wrongful act of a stage company was an action for an injury to the person within the meaning of section 2740, and was consequently barred after two years. Sherman v. Stage Co., 22 Iowa, 556. Also an action by the administrator for damages on account of the death of his intestate was an action for an injury to the person, and would be barred after two years (Sherman v. Stage Co., 24 Iowa, 515, 542), by the same statute which differs from the statute of limitations of the code in phraseology. * * * If the deceased had survived the injury, and were prosecuting this action, there would be no question but that it would be an action for an injury to the person; and in view of out statute which declares that the action shall be deemed a continuing one, and to have accrued to his administrator at the same time it did to the deceased, I am of the opinion that this action, although originally begun by the administrator and not by the deceased, is an action for an injury to the person within the meaning of section 2839 of the code * * * under the statute forbidding the court to give a new trial in this action on account of the smallness of damages. I am compelled to overrule the motion for a new trial, notwithstanding the view I have taken and expreessed as to the amount which was allowed being inadequate."

The case of Gann v. Worman, 69 Ind. 458, was also an action to recover damages for wrongful death, and in which the jury returned a verdict for $500, and the court refused to set aside the verdict upon the ground of inadequacy of the damages because of the provision of the statute that—

"A new trial shall not be granted on account of the smallness of the damages in actions for an injury to the person or the reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

It will be observed that the phraseology of this statute is precisely the same as the Ohio statute.

The Indiana statute also provides that in actions for wrongful death, "the damages can not exceed five thousand dollars," and must inure to the exclusive benefit of the widow and children, if any, as next of kin, to be distributed in the same manner as personal property.

In deciding the case and explaining the ground upon which the court placed its decision, it said:

"It is contended that the cause of action in the child, if he had lived, and the cause of action in the father after the child's death, are not the same; that the cause of action in the father is not for an injury to the person, but founded upon the loss of his child by its death and of its services and society, and for his grief and suffering for its loss, and therefore does not come within section 303; but it is clear that by the construction of sections 27 and 784, when taken together, the father can not maintain the action in his own right for the injuries done to himself by the loss of his child, but can maintain it only as the representatives of his child's right. This construction is made clear by the closing sentence of section 784, which requires the damages sustained by the child to be distributed as part of the personal property of his estate."

It is true that the case of Bailey v. Cincinnati, 1 Handy, 438, may be in opposition to the views herein expressed as to the construction of section 5306, Revised Statutes. If so, notwithstanding our great respect for the judge who delivered the opinion in that case, we find ourselves unable to follow him.

The judgment of the court in Special Term will be affirmed.

Hunt, J., and Hollister, J., concur.

Aaron A. Ferris, for plaintiff.

James R. Foraker, for defendant.