## MARSH v. ELLIOTT.

NEW TRIAL AS OF RIGHT.—*Waiver.*—In an action to quiet title to real estate, where a new trial was granted within a year, as a matter of right, but without any written motion for the same, and thereafter the opposite party entered a full appearance to the action, without objecting to the order granting the new trial, and continued such appearance thereafter for four years, he waived all right to object.

From the Cass Circuit Court.

*D. P. Baldwin*, for appellant.

*H. C. Thornton*, for appellee.

BUSKIRK, J.—This was an action by the appellant against the appellee, to quiet the title to certain real estate. The action was commenced in the Fulton Circuit Court. Issue, trial by the court, finding for appellee, and, over a motion for a new trial, judgment was rendered for the appellee. The judgment was rendered on the 27th day of August,

1868. On the 24th day of August, 1869, the appellant moved the court for a re-taxation of costs. The clerk has copied into the record several very lengthy affidavits, though not made a part of the record by a bill of exceptions or order of court. It appears that the court made an order re-taxing the costs. The correctness of such ruling is not in any manner presented by the record, and will be assumed to be correct. On the 25th day of August, 1869, the following order was made:

"Come the parties by counsel, and it appearing that said plaintiff has paid the costs herein, a new trial is granted in this cause, to which the defendant excepts, and this cause is now continued."

The cause was continued from term to term, until the November term, 1872, when the venue was, upon the application of the appellee, changed to the Cass Circuit Court.

The parties appeared in the Cass Circuit Court, at the April term, 1873, when the cause was continued by agreement. The cause was again continued by agreement at the September term, 1873, of said court. At the November term, 1873, of said court, the appellee filed a written motion to set aside the order of the Fulton Circuit Court, made at the August term, 1869, on the application of the plaintiff, granting a new trial as of right, under the statute, for the following cause: because there was no written application showing the rendition of the judgment, the time when rendered, that all the costs had been paid, and that a new trial was demanded as of right and without cause shown. The motion was sustained, and, on further motion of the appellee, the cause was struck from the docket. These rulings are shown, and exceptions thereto reserved, by a bill of exceptions. The appellant then moved the court to tax against the appellee all the costs which had accrued in said cause from the granting of the new trial down to the time when the order was made setting the same aside; but this motion was overruled, and appellant excepted, and reserves the

Marsh *v.* Elliott.

question by a bill of exceptions. These rulings are assigned for error, and present the only questions in the record.

It is conceded by counsel for appellant that the motion should properly have been in writing, but it is contended that it was not a jurisdictional fact, and hence the fact that the motion was not in writing will not vitiate the order granting a new trial.

It is further contended, that whatever irregularity or error there was in the action of the court in granting a new trial without a written application, it has been waived by the appellee, by appearing to the action, without raising the objection, for the period of four years.

It is insisted by counsel for appellee, that the court possessed no power to grant a new trial without a written application. In *Crews* v. *Ross*, 44 Ind. 481, it was said: "It is well settled that there must be a written motion or supplemental complaint. *Starry* v. *Winning*, 7 Ind. 311; *Shuman* v. *Gavin*, 15 Ind. 93; *Falls* v. *Hawthorn*, 30 Ind. 444. The application should, at least, show the rendition of the judgment in the cause, the time when rendered, that all the costs had been paid, and that a new trial was demanded as of right and without cause."

In all the above cases, new trials had been refused by the courts below, and it was held on appeal that they were properly refused. In the case in judgment, a new trial was granted without a written motion, and if the appellee had, at the proper time, raised the question, we would be required to decide whether the action of the court was simply irregular or invalid.

The order granting the new trial was made in 1869, and the appellee, from that time down to 1873, appeared to the action without raising any objection to the sufficiency of the order in question. In 1872, the venue was, upon his application, changed. This was an admission that a new trial had been properly granted, and that the case stood for trial.

The granting of a new trial, under section 601, is, to some extent, an *ex parte* proceeding. The party moving therefor

is not required to notify the opposite party of his intention so to do, but if it is granted at a term subsequent to the term at which the judgment was rendered, the party obtaining it must give the opposite party ten days' notice thereof before the term at which it stands for trial. Sec. 602, 2 G. & H. 284; *Whitlock* v. *Vancleave*, 39 Ind. 511.

It was the duty of the appellee, upon his first appearance to the action after the order granting the new trial, to move to set aside such order, if he deemed it had been improperly granted; but, instead of doing so, he entered a full appearance, and continued such appearance for four years, without raising any objection. We think this appearance without objection waived any objection to the order granting the new trial.

In *Fisk* v. *Baker*, 47 Ind. 534, a motion was made, at the first appearance of the party after the granting of the new trial, to set the same aside. In reference to the doctrine of waiver, see Buskirk's Practice, 286–9.

The judgment is reversed, with costs; and the cause is remanded to the court below, with directions to overrule the motion to set aside the order granting the new trial, and for further proceedings.