VERNIA v. LAWSON ET AL.

NEW TRIAL AS OF RIGHT.—*Erroneous Order For.— Waiver of.*—Upon judgment in an action for the recovery of real estate, an order of the court, that upon the payment of costs such judgment be set aside and a new trial awarded under the statute, is erroneous, notwithstanding the payment of such costs, thereafter, within the year. But an appearance in full, by the opposite party, to such action, and the taking of various steps

therein, through the various terms of such court for the ensuing three years, without objection to such order, is deemed an acquiesence therein, and it is then too late to make such objection.

From the Floyd Circuit Court.

*M. C. Kerr* and *W. J. Hisey*, for appellant.
*W. W. Tuley*, for appellees.

WORDEN, C. J.—This was an action by the appellees, against the appellant, to recover certain real estate. There was a trial of the cause, resulting in a finding and judgment for the defendant. This judgment was set aside and a new trial granted under the statute, and upon a second trial there was a finding and judgment for the plaintiffs. The questions made here all resolve themselves into one, viz.: whether error was committed in granting the second trial.

The record shows the following facts. At the October term of the court, 1870, the cause was submitted to the court for trial, and there was a finding and judgment for the defendant. Immediately following the judgment is the following entry, viz.: "Thereupon, on motion of the plaintiffs, it is ordered that upon the payment of costs the judgment rendered herein be set aside and a new trial awarded under the statute."

At the May term of the court, 1871, the cause was struck from the docket, but for what reason does not appear.

At the October term of the court, 1871, and within the year, the plaintiffs showed that they had paid the costs in the cause. At that term, the cause was upon the docket, the parties appeared, and the cause was continued generally.

At the April term of the court, 1872, the parties appeared, and by consent, and on application of the defendant, the cause was continued at the costs of the defendant, for which judgment was rendered in favor of the plaintiffs.

At the October term of the court, 1872, the parties

appeared, and by consent depositions were published, and the cause again continued on the application of the defendant and at his costs, for which judgment was rendered in favor of the plaintiffs.

At the April term of the court, 1873, the parties appeared, and by consent the cause was continued.

At the September term, 1873, the parties appeared, and by consent the cause was continued at the costs of the plaintiffs, for which judgment was rendered against the plaintiffs.

At the November term, 1873, the parties appeared, and the defendant moved to strike the case from the docket, but the motion was overruled. The cause was thereupon set down for trial by the court, resulting in a finding and judgment for the plaintiffs.

The original order, granting a new trial before the costs had been paid, was irregular and erroneous. But after the defendant had so often appeared and taken steps in the action, from the October term, 1870, to the November term, 1873, without making any objection to the order granting a new trial, we think he must be deemed to have acquiesced therein. It was then too late to make any objection. *Marsh* v. *Elliott*, 51 Ind. 547.

The judgment below is affirmed, with costs.

NOTE.—HOWK, J., having been of counsel in the above cause, did not participate in its consideration.