## MARSH v. PROSSER.

64 293<br>156 53

INJUNCTION.—*Execution on Judgment for Recovery of Lands Irregularly Vacated Without Objection.—Costs.*—Where, without objection by the plaintiff, an order is granted setting aside a judgment in his favor for the recovery of lands and granting the defendant a new trial, on subsequent payment of the costs accrued, and, after appearing to the action without objection during several subsequent terms of court, the plaintiff dismisses his action, orders out a writ of ejectment based on such vacated judgment, and commences a new action to recover the lands, the defendant may enjoin the execution of such writ.

From the Lawrence Circuit Court.

*N. Crooke, S. C. Willson* and *L. B. Willson*, for appellant. *G. Putnam* and *G. W. Friedley*, for appellee.

HOWK, C. J.—This was a suit by the appellee, as plaintiff, against the appellant and one Isaac Newkirk, sheriff of Lawrence county, as defendants, to obtain a perpetual injunction, and such other relief as the appellee might, "in equity and good conscience," be entitled to upon the facts alleged in his complaint.

The appellee's complaint was duly verified by his oath, and the proper undertaking having been executed, approved and filed, a temporary restraining order was thereon granted by the Hon. E. D. Pearson, Judge of the court below, in vacation thereof, until its next ensuing term and the further order of the court.

At the ensuing October term, 1875, the appellant appeared specially, and moved the court to set aside the temporary restraining order, which motion was overruled, and the appellant excepted.

The appellant and his codefendant then demurred to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled, and to this ruling they excepted.

The appellant and said Newkirk then refused to answer, and thereupon it was ordered by the court that the appellee's complaint be taken as confessed by the defendants thereto, and a judgment and a decree for a perpetual injunction, as prayed for by the appellee, were rendered by the court.

The appellant, Henry B. Marsh, alone has appealed to this court, and has assigned errors which call in question the sufficiency of the facts stated in the appellee's complaint to constitute a cause of action.

It is necessary to a proper understanding of the question presented, and of our decision thereof, that we should give a summary, at least, of the facts stated in the appellee's complaint.

The appellee alleged, in substance, that he, the appellee, was then in possession of certain real estate, particularly described, in Lawrence county, Indiana; that, on the 19th day of July, 1859, the appellant went into the possession of said real estate, by purchase and by virtue of a fee-simple deed thereof, which was duly recorded, and was made a part of said complaint; that the appellant, Henry B. Marsh, claim-

ed to have an interest in, or title to, said real estate; that, at the September term, 1869, of the court below, the appellant commenced a suit in ejectment against the appellee, to recover said real estate; that said suit was continued until the September term, 1870, when the court found and adjudged that the appellant was the owner and entitled to the possession of said real estate, and for the recovery by him of one cent damages for the unlawful detention thereof, and the costs of such suit; that, immediately after the rendition of said judgment, the appellee filed and made his motion for a new trial, under the statute, which was then and there granted by the court, and upon the payment of costs said judgment was ordered to be vacated; that, immediately after said order was made by the court, the appellee paid all the costs of said action to John Riley, clerk, as appeared in the fee-book in the clerk's office of said court; that, at the March term, 1871, of said court, said suit again came up for trial, under said motion, and, after certain proceedings were had therein, the suit was continued generally; that, at the September term, 1871, of the court, the suit was continued by consent; that, at the March and September terms respectively, 1872, the suit was continued, without trial; that, at the May term, 1873, the suit was set down for trial at a special term of the court, beginning July 21st, 1873; that, at said special term, the suit was again continued, at the appellant's costs, to another special term of the court, beginning October 28th, 1873, at which time the suit was dismissed by the appellant, the plaintiff herein, at his costs; all of which proceedings, had in said suit, would more fully appear from a transcript thereof, filed with and made part of the complaint in this action; that the appellant, Henry B. Marsh, at the May term, 1875, of the court below, commenced another suit against the appellee, for the recovery of the same real estate, which latter suit was still pending in said court when the

appellee commenced this action; that the appellee believed that the appellant Marsh was confederating with others to the appellee unknown, to injure him in this respect and was contriving and fraudulently intending to still further injure the appellee in this behalf, .by causing an execution to be issued on said vacated judgment, which execution the appellant had caused to be placed in the hands of the defendant Newkirk, sheriff of said county, with instructions to dispossess the appellee thereon from said real estate forthwith, which said sheriff was proceeding to do, and would do if not enjoined therefrom; that the service of said execution would be an irreparable injury to the appellee; that he was informed, and believed, that the appellant was irresponsible, and that no damages could be recovered from him; that the appellant was estopped from proceeding further on said vacated judgment by his own acts, as well as by the order of the court. Wherefore, etc.

We are clearly of the opinion, that the facts stated in the appellee's complaint, in this case, were amply sufficient to constitute a cause of action, and to entitle him to the relief prayed for therein. It is true, that, under the provisions of section 601 of the practice act, it has often been held by this court, that the payment of all costs is made a condition precedent, in actions for the recovery of real estate, to an application or motion for an order vacating the first judgment and granting a new trial of the action, as a mere matter of right. *Golden* v. *Snellen*, 54 Ind. 282, and cases there cited. It may be conceded, in this case, that the order of the court, mentioned in the appellee's complaint, granting him a new trial, as of right, in the original suit, and vacating the judgment therein rendered before but upon the payment of the costs of said suit, was irregular and erroneous. But the record shows, that, although the appellant was there present in court, when this irregular and erroneous order was made in the cause,

The State, *ex rel.* Attorney General, *v.* The T. H. & I. R. R. Co.

yet he neither objected nor excepted, but, by his silence, apparently consented, thereto; and that thereafter, for full three years, the appellant appeared in said original suit, from term to term of said court, without making any objection whatever to the vacation of the first judgment, by such irregular and erroneous order, and apparently consenting thereto. After the appellant had so often appeared and taken steps in the original suit, from the September term, 1870, to the October term, 1873, without making any objection to the order vacating the first judgment and granting a new trial as of right, we think that he ought to and must be deemed to have acquiesced in such order. He can not and ought not to be permitted to enforce such vacated and void judgment, by an execution or other process thereon. This conclusion, we think, is fully warranted and authorized by the decisions of this court in the cases of *Marsh* v. *Elliott*, 51 Ind. 547, and *Vernia* v. *Lawson*, 54 Ind. 485.

In our opinion the court did not err in overruling the appellant's demurrer to the appellee's complaint, or in granting the appellee a perpetual injunction, as prayed for therein.

The judgment is affirmed, at the appellant's costs.