No. 7350.

## COX ET AL. *v.* DILL ET AL.

PRACTICE.— *Real Estate, Action to Recover.— New Trial as of Right.— Oral Motion.*—During the term at which a judgment for the recovery of real estate has been rendered, a new trial as of right upon payment of costs may be granted upon oral motion.

SAME.—*Exception.— Waiver.*—At the same term of court at which a judgment has been rendered, a new trial may be granted upon oral motion, and unless an exception be taken at the time, error can not be assigned upon the ruling.

SAME.—*Cross Complaint, Separate Trial of Issues on.—Partition.*—If, in an action for partition, issue is joined upon a cross complaint of one of the defendants claiming a part of the land, and that issue be tried separately, the action on the petition being continued, no question can be made, on appeal from the judgment on the cross complaint, in respect to the petition or the proceedings upon it.

EVIDENCE.— *Handwriting.— Expert.*— An expert may state his opinion whether or not the writing in question is in a feigned hand.

SAME.—*Practice.*—A party, to present any question upon the refusal of the court to permit his witness to answer an interrogatory, should inform the court what he expects to prove.

From the Orange Circuit Court.

*J. Cox* and *W. W. Spencer*, for appellants.

*J. Baker*, for appellees.

WOODS, C. J.—The appellees petitioned for the partition of numerous tracts of land, claiming as lineal descendants and heirs at law of William A. Bowles, who had died intestate, seized of the lands in fee. The appellants besides Mrs. Bowles, the widow, were made defendants to answer to a claim which, as the petitioners averred, they wrongfully asserted to a part of the lands.

The appellants, without answering or denying the petition, filed a cross-petition or counter-claim, alleging that, while in life, Bowles had conveyed by deed a part of the lands mentioned in the petition to Mrs. Cox, and that the petitioners, therefore, had never owned or had any interest in the lands so conveyed, and praying that her title be quieted against the asserted right of the petitioners. To this the petitioners answered by a general denial; and the issue so formed upon the counter-claim was separately submitted to the court for trial, and a finding and judgment rendered in favor of the appellants. The appellees, at the same term when the judgment was rendered, moved for a new trial as of right, which motion, upon it being made to appear that the movers had paid the costs of the trial had, the court granted. The appellants took no exception to the granting of this motion, but consented to the setting down of the cause for a re-trial on a day named.

By means of various dilatory steps and motions interposed by the appellants, another trial was not had until after the lapse of more than a year from the first trial, and after the expiration of the year, and before entering upon the second trial, the appellants moved the court for an order upon the appellees to show cause why the order granting a new trial should not be set aside, because made upon oral motion only, and because all the costs had not been in fact paid. This motion was supported by affidavits, but the court overruled it because the record showed the payment of the costs and a waiver of a written motion.

The appellants now insist that this ruling was wrong, and

that the original judgment should be reinstated.    The follow-ing authorities are cited :    Buskirk's Practice, 263 ; *Falls* v. *Hawthorn,* 30 Ind. 444 ; *Ferger* v. *Wesler,* 35 Ind. 53 ; *Whit-lock* v. *Vancleave,* 39 Ind. 511 ; *Blizzard* v. *Blizzard,* 40 Ind. 344 ; *Crews* v. *Ross,* 44 Ind. 481 ; *Golden* v. *Snellen,* 54 Ind. 282 ; *Marsh* v. *Prosser,* 64 Ind. 293 ; *Steeple* v. *Downing,* 60 Ind. 478. .

The propositions contended for upon these authorities can not avail the appellants.    Their failure to except to the order granting a new trial, made at the term at which the judgment was rendered, was a clear waiver of the right to object.    While the proceedings were *in fieri,* the court .had full power over its record, and could, upon oral motion, as well as upon writ-ten, set aside its orders and judgments.    The parties were constructively in court, and bound to take notice of what was done, and, consequently, a failure to except was a waiver of objection.    R. S. 1881, sec. 626 ; *McClellan* v. *Binkley,* 78 Ind. 503.    Besides, the appellants' subsequent conduct in the case was such as to constitute a waiver.    *Marsh* v. *Elliott,* 51 Ind. 547 ; *Vernia* v. *Lawson,* 54 Ind. 485 ; *Marsh* v. *Prosser, supra.*

The appellants have also assigned as error that " the com-plaint on which the trial was had does not state facts sufficient," etc.    We have already seen that the only issue joined and tried was upon the cross complaint of the appellants.    The record shows this affirmatively.    It is true that the cross complaint purports to be an answer and cross complaint, but it has often been held that a pleading can not subserve such a double purpose.    *Harness* v. *Harness,* 63 Ind. 1 ; *Wilson* v. *Carpenter,* 62 Ind. 495 ; *Schee* v. *McQuilken,* 59 Ind. 269 ; *Campbell* v. *Routt,* 42 Ind. 410.    The pleading was treated . by the parties and by the court below as a cross complaint only, and when judgment was rendered upon it the issue ten-dered in the petition for partition was expressly continued for future determination ; the appellants, therefore, can not now be permitted to assert, as they do, that it amounted only

to a denial of the petition. It did not in fact, however, amount to a general denial.

The appellants complain of the instructions given and refused by the court; but the principal objections made all turn upon the question whether the burden of proof in respect to the execution of the deed under which Mrs. Cox claimed title was upon one or the other party. It is clear from what has already been said that the burden was upon the appellants. By their cross complaint they assumed the position of plaintiff, and by the denial of the appellees they were put under the necessity of making complete proof. They could win only upon the strength of their own title as they had alleged it to be. The appellees, under this issue, were not required to make proof of their heirship, or of any of the facts alleged in their petition; and if any of the instructions assumed such heirship it was immaterial and harmless.

It is not error to instruct that an expert in reference to handwriting "may state to the jury his opinion whether or not the writing in question is in a feigned hand." This is simply to state the witness's belief or opinion in respect to the genuineness of the writing or signature.

The appellants propounded certain questions to some of their witnesses to which the court sustained a general objection by the appellees. These rulings present no question, because the appellants did not indicate to the court what answers they expected to elicit. If it be said that the questions themselves indicated the expected answers, then it is to be presumed that the court overruled them as leading.

Judgment affirmed, with costs.