.No. 13,689.

STANLEY v. DAILEY ET AL.

NEW TRIAL.—As of Right.—Bond.—Defects.—Curative Statute.—Defects in a bond executed by a party under section 1064, R. S. 1881, upon applying for a new trial as of right, are cured by section 1221, and the principal and sureties in such bond are bound as fully as if it were in all respects according to the statute requiring it.

SAME.—Setting Aside Order Granting.—Waiver of Objections to Bond.—The omission of the words "and damages" from such a bond does not authorize the setting aside of the order granting the new trial, on a motion made a year later, and in the absence of any previous objection to the sufficiency of the bond as executed and approved. In such case the objection to the bond, being technical and not having been made at the proper time, will be deemed waived.

From the Sullivan Circuit Court.

J. S. Bays, W. S. Maple, J. T. Beasley and A. B. Williams, for appellant.

J. C. Briggs, J. C. Chaney and S. C. Coulson, for appellees.

ZOLLARS, J.—Appellant brought this action to quiet her title to the land described in her complaint. Silas Dailey and Melissa J. Knight, appellees here, were defendants below, and filed answers and cross-complaints.

Upon a trial of the cause the court found against appellant, and in favor of appellees, both upon appellant's complaint and upon their cross-complaints.

On the 3d day of July, 1885, appellant made an application for a new trial as a matter of right under the statute, and filed a bond with a surety, which was approved by the court, conditioned that she should pay to appellees, or either of them, all costs that might be recovered against her in the cause.

On the 12th day of October, 1886, appellees filed separate motions asking that the order granting a new trial as of right, on the 3d day of July, 1885, might be set aside and

the cause be stricken from the docket. Those motions were based upon the ground that the bond filed by appellant, while it provided for the payment of costs, did not provide for the payment of such damages as might be recovered against appellant. The court set aside the order granting a new trial and struck the cause from the docket.

The statute provides that the court rendering judgment in a case like this, on application made within one year thereafter by the party against whom judgment is rendered, etc., and on the applicant giving an undertaking, with surety, to be approved by the court or clerk, that he will pay all costs and damages which shall be recovered against him in the action, shall vacate the judgment and grant a new trial. R. S. 1881, section 1064.

That this case, being one to quiet title to land, is one in which, under the statute, a new trial may be demanded as of right without cause, is conceded. See Physio-Medical College v. Wilkinson, 89 Ind. 23, and cases there cited.

The bond filed by appellant and approved by the court is not as broad in its terms as the statute requires. There are omitted from it the words " and damages." We are satisfied, however, that, under the law and the peculiar circumstances of this case, that omission was not of itself sufficient to justify the court in setting aside the order granting a new trial and striking the cause from the docket. In the first place, the bond, while informal, was not invalid. It secured to appellees all that would have been secured to them by a bond in every respect formal, and in the words of the statute. We have a statute which provides that " no bond, recognizance, or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance or recital or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance, or written undertaking to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in

the bond or recognizance. In all actions on a defective bond, recognizance, or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance, or written undertaking were perfect in all respects." R. S. 1881, sec. 1221.

Under this statute appellant and her surety were bound just as fully for all damages that might have been recovered in the action as if the bond had contained the words "and damages." It was a bond taken by the judge, an officer, in the discharge of the duties of his office, and, in the language of the statute, appellant and her surety were bound by it " to the full extent contemplated by the law requiring the same." That this is so, is settled by many decisions of this court. *Opp* v. *TenEyck,* 99 Ind. 345, and cases there cited. See, also, *Yeakle* v. *Winters,* 60 Ind. 554; *Vincennes Nat'l Bank* v. *Cockrum,* 64 Ind. 229; *Hawes* v. *Pritchard,* 71 Ind. 166; *Patterson* v. *State,* 10 Ind. 296; *State* v. *Soudriette,* 105 Ind. 306, and cases there cited.

An application to the present statute of the strict rules applied to the former statute, requiring the payment of all costs as a condition precedent to the granting of a new trial as of right and without cause, would require a holding here that appellees might have demanded that the bond should be upon its face strictly as the statute provides. And had they objected to the bond at the time it was filed, on the ground that it did not contain the words "and damages," it would have been the duty of the court to require a bond containing those words, and to have denied a new trial had appellant declined to file such a bond. But in the case before us appellees neither demanded such a bond, nor did they object to the bond, although present in court when it was filed, on the ground that it did not contain the words "and damages." They made no objection to the bond until more than a year after it had been accepted and approved and the new trial granted. It is stated in the record made by the clerk that, at the time the new trial was granted, appellees each excepted

to the ruling of the court in granting a new trial, but the ground of the objection is not stated.    There is no mention of any objection to the bond.    Dailey filed a bill of exceptions, in which it is recited that to the granting of a new trial he objected ; that the court overruled his objection and granted appellant a new trial as of right under the statute, to which ruling of the court he excepted ; but there is nothing to show that he in any way objected to the bond.

So far as shown by the record, nothing further was done in the case until the 22d day of June, 1886.    It is recited in the record that on that day, the parties being present by their counsel, the court appointed Hon. A. G. Cavins as a special judge to try the cause.    It is further recited in the record that, on the 24th day of the same month, the parties being present by their counsel, the special judge thus appointed appeared, accepted the appointment, and set the cause for trial on the 29th day of the same month.    On the day set for trial appellee Dailey filed a motion, supported by an affidavit, for a change from the special judge, stating in his affidavit that neither he nor any of his attorneys "who had taken an *active part* in the defence of the cause was present in court on the 24th when the cause was set for trial."    The change was granted, and Hon. B. E. Rhoads was appointed to try the cause.    Appellee Dailey filed a bill of exceptions, in which it is stated that he entered a special appearance and filed his motion and affidavit for a change of judge, and that he objected and excepted to the appointment of Mr. Rhoads to try the cause.

It is recited in the record still further that, on the 30th day of the same month, appellant and appellee Dailey being present in court by counsel, Mr. Rhoads appeared and accepted the appointment as special judge to try the cause, and that the cause was by him continued until the next regular term.    It will thus be seen that, although present in court by counsel when the bond was tendered and approved, and although thus present in court at various times subsequently

Stanley *v.* Dailey *et al.*

when steps were being taken in the cause, and more than once upon the motions of appellees, no objection was made to the bond by either of them until more than a year after the bond had been approved, and more than a year subsequent to the rendition of the judgment. Had the objection finally made to the bond been made at the time it was filed, or at any time during the year subsequent to the judgment, it would have been an easy matter for appellant to have filed a new bond, and have thus procured, if need be, a new order for a new trial under the statute. We think that, having thus remained silent, appellees should not be allowed to defeat appellant's right to a new trial under the statute by the technical objection urged to the bond after the expiration of the year given her by the statute in which to procure such a new trial. It has often been held that such technical objection to bonds must be made at the earliest opportunity, and that objections to the granting of new trials under the statute will be regarded as waived unless made at the proper time. We think it clear that, in this case, appellees by their course should be held to have waived the objection they finally made, and now urge, to the bond. *Hutchinson* v. *Lemcke*, 107 Ind. 121; *Gann* v. *Worman*, 69 Ind. 458; *Marsh* v. *Elliott*, 51 Ind. 547; *Vernia* v. *Lawson*, 54 Ind. 485; *Trueblood* v. *Knox*, 73 Ind. 310; *Carver* v. *Carver*, 77 Ind. 498.

The judgment is reversed, at appellees' costs, and the cause is remanded, with instructions to the court below to reinstate the cause upon the docket, and to set aside its order vacating the order of July 3d, 1885, granting a new trial to appellant.

Filed Dec. 6, 1887.