Barber *v.* Barber.

Barber et al. *v.* Barber et al.

[No. 18,715.   Filed January 10, 1901.]

New- Trial as ·of Right.—*Denial of Motion.—Decedents' Estates.*—
The denial of a new trial as of right on the ground that two dis-
tinct and separate causes of action were joined in each paragraph
of the complaint, one of which related to real estate, and the other
personal property, was erroneous, where the action was brought by
children of decedent by a former marriage against a surviving·wife
to recover as heirs of decedent certain personal and real property
held by such wife, and it was not alleged that decedent's debts had
been paid and the estate finally settled, or that no letters of admin-
istration had been granted, since the only cause of action stated
· was the one relating to the real estate.· *pp. 45-51.* '

Same.—*Denial of Motion—Waiver.*—Where judgment plaintiffs filed
a motion to vacate an order of court granting a new trial as of
right on the ground alone that defendants by their acts confirmed
the judgment rendered and were thereby estopped·to demand a
new trial as of right, it was not error to overrule a motion to vacate
the order, based upon the theory that the action was not of such
a character as authorized a new trial as of right, filed almost a
year after the overruling of the former motion, and after amended
pleadings had been filed by plaintiff and the cause set for trial.
*pp. 51-53.* '

From the Hamilton Circuit Court.   *Reversed.* ·

*F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appel-
lants.

*J. A. Roberts, M. Vestal, G. Shirts* and *W. R. Fertig,*
for appellees.

Jordan, J.—Appellees instituted this action against ap-
pellants in the lower court, whereby they sought to affect the
title of certain real estate held by appellant Elvira Barber.
Issues were joined between the parties and trial by the court
resulted in a finding and judgment in favor of appellees as
to part of the lands claimed by them.   Within the year
allowed appellant filed her application for a new trial under
the statute as a matter of right and gave the required bond,
which was approved by the court.   On June 13, 1897, her

application was granted and the judgment previously rendered was vacated and a new trial granted as of right. The proper notice was given to appellees for their appearance at the September term, 1897, and on the first day of that term they appeared and filed a motion to set aside the order of the court granting the new trial. The motion was based upon the ground alone that appellant by her acts confirmed the judgment rendered and was thereby estopped to demand a new trial as of right. On January 15, 1898, this motion was overruled and thirty days given to appellees to file a bill of exceptions, which they filed on January 20, 1898. Afterwards, on February 17, 1898, appellees obtained leave to reopen the issues in the cause and filed a substituted complaint, and thereafter also filed a supplemental complaint. On April 16, 1898, appellant filed a demurrer to each paragraph of the substituted complaint. This demurrer, over her exceptions, was overruled and she answered by general denial. On May 25, 1898, the day preceding the time fixed for the retrial of said cause, appellees filed another motion to set aside the order of the court awarding the new trial as of right. This latter motion was based upon the theory or ground that the action was not of such a character as authorized a new trial as of right. The last mentioned motion was filed over the objections and exceptions of appellant, and on June 27, 1898, was sustained, and the order granting the new trial as of right to appellant was set aside and judgment was rendered against her for all cost accruing in the proceedings by reason of granting the new trial. The assignment of errors relates to overruling the demurrer to each paragraph of the complaint and to the alleged errors of the court in allowing appellees to file their motion to set aside the order granting a new trial and in sustaining said motion.

The complaint upon which the cause was originally tried is in two paragraphs. The first discloses the following facts: John M. Barber died on June 29, 1895, leaving appellees

as his children by a former marriage and also appellant Bessie Barber, a child by his second marriage. Appellant Elvira Barber is his surviving widow, she being the wife of the second marriage, and she together with the appellees and her co-appellant, Bessie Barber, are the only heirs at law of the said John M. Barber, deceased. The decedent and the appellant Elvira became husband and wife in 1878. In the year 1883 and during years subsequent thereto said John M. Barber, as it is alleged, purchased certain described real estate, all of which, except one lot, was situated in Hamilton county, Indiana, the lot excepted being situated in the city of Indianapolis. The title to the said lands so purchased by him was by means of conveyances and deeds taken in the name of his said wife Elvira Barber, the consideration, however, of the lands so conveyed to her and taken in her own name, was paid out of money belonging to her husband, John M. Barber, and she paid no part of said consideration. It is also alleged that in addition to all of said real estate that said decedent, John M. Barber, at his death had and held a large amount of money, notes, accounts, building and loan stock, and other obligations of various kinds, the greater portion of which, at least to the amount of $5,000, was taken and held in the name of his wife, Elvira Barber. It is further averred that prior to these purchases and conveyances of the lands in question said John M. Barber by the habitual and excessive use of morphine had become a person of unsound mind; at least he is charged to have been in that condition when under the influence of this drug. The defendant Elvira, his wife, with the full knowledge of the effect which the morphine produced upon him, would, when he desired, administer this drug to him, and by this means held and had an overpowering control upon his mind and actions, and he became and was wholly subject to her will in all of his business matters, and that she so controlled and influenced him that she thereby procured said conveyances for said lands to be made and taken in her name by

wrongfully and fraudulently representing to him that she would take and hold the title thereto for him and that the said lands would be disposed of as he should desire or direct; that the said representations so made by the defendant Elvira were false as she never intended to hold said property for her said husband, but intended to secure the title thereto in her own name for the purpose of appropriating said lands and property to her own use; that said John M. Barber, relying upon her said representations, consented that the titles to the respective tracts of land in controversy should be so taken and held by her, but that he so consented without any fraudulent intent upon his part. Similar averments are made in respect to the personal property therein alleged to have been held by his said wife, Elvira, at the time of the decedent's death, and it is further averred that said decedent owed no debts and that no part of the property involved would be necessary for the payment of any debt owing by him. It is also averred that the defendant Elvira has since the death of her husband repudiated said trust and now denies that the same ever existed, and gives out in words and speeches that she is the absolute owner of the real estate conveyed to her and also the absolute owner of the personal property acquired by her as aforesaid charged. After alleging the insolvency of the defendant Elvira, this paragraph of the complaint closes with the prayer that the court declare and enforce said trust and adjudge that the defendant holds said real estate and property in trust and not otherwise and that a receiver be appointed pending litigation and for all other and proper relief.

The second paragraph of the complaint so far as it concerns the relation of the parties to the decedent, and the purchase and conveyance of the real estate to the defendant Elvira, and also in regard to the personal property involved, is substantially the same as the first paragraph, with the exception that the charge that the decedent was a person

,of unsound mind and was unduly influenced by his said wife· is omitted. It is alleged·in the second paragraph 'of the complaint that at the date of the execution of said·several conveyances of the real estate in dispute that Mrs. Barber, the wife, agreed that she would take and hold each·of said parcels of land in trust for the sole use and benefit of her husband, John M. Barber, and likewise would take·and hold said personal property in trust for his use and benefit. Each·of these agreements made by her were consented to by her husband without any fraudulent intent ·upon his part. It is ·also alleged in this paragraph that decedent left ·no ·debts at the date of his death and no part of the property involved ·would be required for payment of his debts. It is ·further averred that since the death of·John M. Barber that the defendant Elvira has repudiated' said trust ·and 'now denies·that the same ever existed, and ·gives out·and declares that she is the absolute owner of the real estate con-·veyed to her and likewise of the· personal property so acquired by·her as charged, and that she now wrongfully· and fraudulently asserts title to all·of said property without any ·right whatever. The paragraph closes with a prayer.·that the·court will··by its decree enforce said trust and will adjudge that the defendant Elvira·hold said property·under ·the; same and not otherwise and for all other and proper ·relief.· '   ·   ,        ,          .        ·· ,     ·ı·'

·· It is urged by appellees that·in any·view of the case appél--lant Elvira Barber was not entitled to a new trial· as·of right because two distinct and separate causes of action·were joined· in each paragraph of the complaint, one ·of which related·to real estate and the other to 'personal property; that, as to the· latter cause, under no consideration ·could a new trial as of right be demanded. · Hence, it is said·that·the court properly sustained the motion· to set ·aside ·its·order whereby a new trial as of right was awarded to appellants. ·On· the other hand, however, counsel for appellants contend .

that. (1) if either paragraph of the complaint can be said under the facts to constitute a cause of action in favor of appellees it must be held to relate alone to the real estate and not to the personal property therein mentioned; (2) that if appellees desired to question the action of the court in granting a new trial as of right, it was their duty to act promptly, and interpose any and all objections in the first instance to the order of the court granting a new trial, and after their failure to do so they thereby waived any right to raise such question. It appears from the facts set up in each paragraph of the complaint, as heretofore stated, that the appellees together with appellant Bessie Barber are the children of the decedent, John M. Barber, and that appellant Elvira is his surviving widow, and that she together with said children constitute his only heirs at law. It is therefore contended that, under the circumstances, in order to enable appellees as his heirs to maintain any right to his personal estate or any action in regard thereto, that it must be disclosed by proper averments in the complaint that all the decedent's debts had been paid and his estate finally settled, or that no letters of administration had been granted upon said estate. As there is also in this case a surviving widow, it then also became necessary to show by averments of the complaint that she had either received the $500 allowed her by law or that she had relinquished her claim thereto. It may be asserted as a legal proposition that before appellees as the heirs of their said decedent can under the facts in this case maintain any right of action in relation to the personal property of their said ancestor, they must allege and prove every fact necessary to entitle them to such property. *Williams* v. *Riley,* 88 Ind. 290; *Finnegan* v. *Finnegan,* 125 Ind. 262.

The authorities cited establish that where the heirs of a decedent seek to recover or reach his personal estate they must allege and prove either that his debts have been paid and the estate finally settled or that no letters of administra-

tion have been granted thereon.  See, also, *Magel* v. *Milligan,* 150 Ind. 582, 65 Am. St. 382; *Brunson* v. *Henry,* 140 Ind. 455.  It is evident, therefore, in the absence of such facts, that neither paragraph of the complaint presents any cause of action in favor of the appellees in respect to the personal property therein mentioned.  It therefore follows that whatever cause of action, if any, that can be said to be established by the facts set up in either paragraph of the complaint it is one which alone relates to or affects the real estate therein described and involved.  Counsel for appellants further contend that if the facts alleged in the complaint establish anything it is the equitable title of appellees to the real estate therein described and that a judgment in their favor would determine and forever quiet their title as against any claim of the appellant Elvira Barber.  Such a judgment, it is insisted, would certainly preclude her from asserting that she was the owner of lands involved in the action.  It is urged by counsel for appellants that the action herein is of the nature and for the purpose authorized and contemplated by §1082 Burns 1894, §1070 Horner 1897, which reads as follows: "An action may be brought by any person, either in or out of possession, or by one having an interest in the remainder or reversion, against another who claims title to or interest in real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title."

The lower court in the first instance, when it sustained the appellant's application for a new trial as of right, seems to have considered the action as one instituted under the above section for the purpose of determining and quieting the question of title to the lands in controversy.  As to whether the trial court was mistaken in its view of the case in that respect we need not now decide, for the reason that we are of the opinion that appellees by their action and delay waived any right which they may previously have had

to demand that the court set aside its order awarding a new trial as of right. The facts as heretofore stated disclose that the court on June 13, 1897, within the time allowed by the statute, granted the application of appellant for a new trial as of right. Appellees, it seems, appeared at the next term of the court and unsuccessfully moved to have this order set aside and vacated, upon the sole theory or ground, that appellant had confirmed the judgment rendered in the case and was thereby estopped to demand a new trial as of right. The motion did not assail the order of the court upon the ground that the suit was not of a nature or character wherein a new trial was of right demandable. After the overruling of this motion the matter seems to have rested for nearly a year, during which time appellees took various steps in the proceeding, such as filing a substituted complaint and also a supplemental complaint, thereby opening and reforming the issues in the cause. When the case finally had been fixed for a retrial on May 26, 1898, appellees on the day preceding the beginning of the trial, over the objections of appellant, filed another motion to set aside and vacate the order awarding a new trial. This latter motion as we have seen was based upon the ground or proposition that the action was not such a one as would authorize a new trial as of right. If appellees considered the order in question to have been improperly granted, it was their duty in the first instance and at the first opportunity presented to challenge such order for any and all reasons and demand that it be vacated. It was not their privilege in the first instance to file a motion to vacate the order based upon one ground and then if unsuccessful proceed to open up and reform the issues, and after delaying for a period of nearly a year renew their motion to vacate the order upon other and different grounds. They could not be permitted in this manner to split their motion into parts, or, in other words, they were not authorized to interpose their objections to the order of the court by such a piecemeal procedure.

The proposition that appellees by their failure seasonably to urge their objections to the order in controversy thereby waived their right to ultimately assail it at the time and in the manner as they did is well settled by the decisions of this court. *Marsh* v. *Elliott,* 51 Ind. 547; *Vernia* v. *Lawson,* 54 Ind. 485; *March* v. *Prosser,* 64 Ind. 293; *Cox* v. *Dill,* 85 Ind. 334; *Hutchinson* v. *Lemcke,* 107 Ind. 121. It follows, and we so conclude, that the court erred in sustaining the motion of appellees to set aside the order in dispute, for which error the judgment rendered in sustaining the same is reversed, and the cause is ordered to be remanded to the lower court with instructions to overrule said motion, and for further proceedings not inconsistent with this opinion.

Hadley, J., did not participate in the decision of this cause.