## WARNER ET AL v. REED.

[No. 9,052. Filed June 28, 1916.]

1. APPEAL.—*Review.*—*Briefs.*—*Specification of Errors.*—Where appellant's brief, in its points and authorities, states several propositions of law, none of which are applied to any particular ruling of the trial court or to any assigned error, there is a failure to comply with the rules of the Supreme and Appellate Courts and no question is presented on appeal. p. 547.

2. APPEAL.—*Assignment of Error.*—*Identifying Questions Presented.* —The assignment of error in the appellate court must identify and present for the determination of the court the same question presented and passed upon by the trial court. p. 548.

3. NEW TRIAL.—*Motion.*—*Grounds.*—The overruling of a motion for a new trial as a matter of right is not a proper ground for a new trial for cause. p. 548.

4. NEW TRIAL.—*As of Right.*—*Waiver of Objections.*—A motion to vacate an order granting a new trial as of right is too late, if not filed until after the trial granted by such order. p. 548.

5. NEW TRIAL.—*Striking out Motion to Vacate Order for.*—*When Harmless.*—The action of the trial court in striking out a motion to vacate an order for a new trial was harmless, where such motion was filed too late. p. 549.

6. NEW TRIAL.—*As of Right.*—*Waiver of Objection.*—Where the cause of action is one in which the losing party is entitled to a new trial as of right, and he has fulfilled the statutory requirements incident to obtaining the same, any irregularity in the granting of the order for the new trial prior to the rendition of the judgment in the first trial will be deemed to have been waived, where the record shows no objection made to such irregularity at the time such new trial was granted and no effort made to set aside the order therefor until after the rendition of the verdict in the second trial of the cause. p. 550.

From Marion Superior Court (20,403); *Pliny W. Bartholomew*, Judge.

Action by Mary L. Reed against John C. Warner and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Bailey & Young*, for appellants.
*W. E. Henderson* and *J. D. Pierce*, for appellee.

HOTTEL, P. J.—Appellee brought this action against the appellants to set aside an alleged

fraudulent deed and to quiet her title to a certain lot in the city of Indianapolis, Indiana. Appellant Warner filed a cross-complaint, in which he sought to quiet his title to the same lot as against appellee and one Harris, his codefendant. There was a trial by jury and a verdict was returned October 31, 1912, in favor of appellant Warner on his cross-complaint against appellee and Harris. At the October term, 1912, appellee filed a motion for new trial for cause, which was overruled at the following December term. At the June term, 1913, appellee filed a motion for a new trial as of right, accompanied by proper undertaking. As part of the record of the proceedings had in said cause at the September term, 1913, of said court, to wit, on September 26, 1913, appears the following entry: "Comes now the parties and the court being fully advised in the premises sustains the plaintiff's motion for a new trial as of right herein, to which ruling of the court the defendants at the time except."

A second trial resulted in a verdict and judgment in favor of appellee and against appellants Warner and Harris. Judgment was rendered in the second trial on December 12, 1913. On December 13, 1913, appellant Warner filed separate motions to vacate the order of court granting a new trial as of right and for a new trial. The motion to vacate the order of court reads as follows: "The defendant John C. Warner, moves the court to set aside and vacate the order and ruling of this court granting a new trial as of right in the above entitled cause and to set aside and vacate the verdict of the jury in this cause for the reason that at the time the court sustained plaintiff's motion for a new trial as of right, no judgment had ever been rendered in the above entitled cause and no authority is

given by statute or otherwise to file a motion for a new trial as of right until after the rendition of the judgment." The motion for new trial contains twenty-seven grounds, the last of which is as follows: "The court erred in sustaining the plaintiff, Mary L. Reed's motion for a new trial as of right, *and erred in granting a new trial as of right before the rendition of the judgment in the above entitled cause.*"

On December 19, 1913, appellee filed a verified motion to strike from the record appellant's motion to vacate, etc., *supra,* and also to strike out the italicized portion of ground No. 27 of his motion for new trial, *supra.* In the entry of the proceedings had in said cause on April 4, 1914, appears the following: "Comes now plaintiff by counsel and by leave of court withdrew motion to strike from files motion of defendant Warner to vacate order of court herein." In the entry of the proceedings had in said cause on May 29, 1914, appears the following: "Comes now the parties and the court being fully advised in the premises sustains the plaintiff's motion to strike from the files the motion of the defendant, Warner, to vacate order of court and parts of motion of defendant Warner for a new trial being specification No. 27, to which ruling of the court the said defendant at the time excepts. The court overrules the motion of defendant, Warner, for a new trial herein, to which ruling of the court, the said defendant at the time excepts and said defendant is allowed thirty days to file bill of exceptions herein."

Five errors are assigned in this court, viz.: "1. The court erred in overruling this appellant's motion for a new trial * * * 2. The court erred in sustaining the motion of appellee, Mary L. Reed, for a new trial as of right before the rendition

of the judgment in this cause. 3. The court erred in sustaining the motion of appellee, Mary L. Reed, for a new trial as of right. 4. The court erred in sustaining plaintiff's motion to strike from the files the motion of appellant, John C. Warner, to vacate the order of the court granting appellee, Mary L. Reed, a new trial as of right. 5. The court erred in striking from the motion of appellant John C. Warner, for a new trial upon the motion of appellee, Mary L. Reed, specification No. 27."

Three points only are stated by appellant in his brief under the heading "Points and Authorities." The first is a statement of the legal proposition that a new trial as of right is not authorized until after judgment, citing §1110 Burns 1908, §1064 R. S. 1881, and cases construing such act. The second point is a statement to the effect that, where an exception is properly saved to a ruling granting a new trial as of right, the party so excepting does not waive his exception by following up another trial, citing cases. There is no application of these legal propositions by any statement or reference to any particular ruling of the trial court, or error assigned or relied on for reversal in this court. This is not such a compliance with the rules of the court as will present any question for our consideration. *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218, and cases cited. The third point is as follows: "The appellant, John C. Warner, filed his motion to set aside and vacate the order and ruling of the court granting a new trial as of right, and such motion ought to have been sustained by the court for the reason that the ruling of the court granting such new trial as of right was erroneously made."

No reason is given or authority cited in support of the statement that the "granting of such new

trial as of right was erroneously made," but what is more fatal to this point is that it refers to a ruling of the court which is not challenged by either of the assigned errors, *supra*. There is no assignment of error challenging any ruling on appellant's said motion to vacate. Assuming, however, that by such point appellant intended to present for our consideration his fourth assigned error, no available error is presented for either of two reasons: (1) Neither of said motions presented to the trial court, above indicated, are properly identified by such assignment of error. Appellant's motion was not a motion merely to set aside and vacate the ruling of such court granting a new trial as of right, but the motion also asked to have set aside and vacated the verdict of the jury. Appellee's motion in addition to asking to have appellant's said motion to vacate, etc., stricken out, also asked to have stricken out the italicized portion of ground No. 27 of his motion for new trial for cause. The assignment of error in this court must

2. identify and present for the determination of this court, the same question presented and passed upon by the trial court. *Mesker* v. *Bishop* (1914), 56 Ind. App. 455, 460, 103 N. E. 492, 105 N. E. 644, and cases cited. (2) The overruling of a motion for new trial as a

3. matter of right is not a proper ground for new trial for cause, and hence no error would have resulted from striking out all of ground No. 27 of appellant's motion for new trial, *supra*.

Appellant's motion to vacate was not made

4. until after the second trial, and hence was too late. If appellant felt aggrieved by the ruling granting appellee a new trial as of right, and "considered that such order was improperly granted," it was his duty under the facts disclosed by

the record as hereinafter indicated, in the first instance and "at the first opportunity presented to challenge such order for any and all reasons" and demand that it be vacated. *Barber* v. *Barber* (1900), 156 Ind. 45, 51, 53, 59 N. E. 171, and cases cited; *Stanley* v. *Dailey* (1887), 112 Ind. 489, 493, 14 N. E. 375; *Hutchinson* v. *Lemcke* (1886), 107 Ind. 121, 126, 127, 8 N. E. 71; *Marsh* v. *Elliott* (1875), 51 Ind. 547; *Vernia* v. *Lawson* (1876), 54 Ind. 485; *Marsh* v. *Prosser* (1878); 64 Ind. 293, 296, 297; *Butler University* v. *Conard* (1884), 94 Ind. 353, 354. It therefore also follows that no harm resulted from sustaining that part of appellee's motion which asked to have stricken out appellant's said motion to vacate.

5. In his argument in his brief, appellant insists that he excepted to the granting of the motion, and that his after appearance in the second trial did not operate as a waiver of the exception. As before indicated, appellant has not by his brief presented the question of his exception to the ruling on such motion. However, as the record comes to us, such ruling, if properly presented, furnishes no ground for reversible error. This is so because it is not claimed that the action is one in which, under the statute, *supra*, appellee was not entitled to a new trial, but the objection goes merely to the question of irregularity in granting the new trial, when there had been no judgment rendered on the first verdict. The record entry does not disclose the ground of objection urged by appellant against the sustaining of such motion, and there is no special bill of exceptions saving the question and presenting the objection. There is nothing in the record from which this court can know that appellant presented to the trial court the ground of objection to the motion that he is

now urging in this court, or that he in fact made any objection to the sustaining of said motion at the time it was presented, or that he took any steps to have the order vacated until after he had taken the chance of a verdict in his favor on the second trial. Where the cause of action is one in which the losing party is entitled to a new trial as 6. of right, and he has done all that the statute requires him to do, an irregularity in the proceeding, such as is insisted on by appellant, will be deemed to have been waived, where the record shows no objection made to the irregularity at the time such new trial was granted and no effort to set aside such order until after the verdict of the jury in the second trial had been returned. See cases cited, *supra;* also *Inland Steel Co.* v. *Kiessling* (1914), 183 Ind. 117, 120, 108 N. E. 232.

Finding no error in the record, the judgment below is affirmed.

NOTE.—Reported in 113 N. E. 386.