## LIEBERMAN *v.* E. C. DEWITT AND COMPANY.

[No. 10,060. Filed November 6, 1919.]

APPEAL.—*Briefs.*—*Insufficiency.*—*Review.*—Where appellant's brief makes no showing that time was fixed for filing his bill of exceptions containing the evidence, nor that the bill was ever filed, and where his points and authorities are mere abstract propositions of law not referring to any error to which they should be applied nor to any page and line of the brief where errors may be found, and where substantial omissions are made in the statement of the evidence, such brief is not sufficient to require an examination of the evidence.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by E. C. DeWitt and Company against Morris D. Lieberman. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harris & Ressler,* for appellant.

*Clarence Bretsch* and *Pattee & Johnson,* for appellee.

NICHOLS, P. J.—Appellee sued appellant before a justice of the peace of Lake county, filing three paragraphs of complaint, the first of which was for goods, wares and merchandise sold and delivered to appellant, and the second was upon an account stated. The

third paragraph is not complete and does not need to be considered. After judgment in favor of the appellee in the court of the justice aforesaid, the cause was appealed to the Lake Superior Court sitting at Crown Point, Indiana, and was there tried upon the same issues as in the justice court. There was a judgment in favor of appellee, from which, after motion for a new trial was overruled, this appeal is prosecuted. The only error not waived which is properly assigned is that the court erred in overruling appellant's motion for a new trial. It does not appear by appellant's brief that any time was fixed within which appellant should file his bill of exceptions containing the evidence, nor does it appear that such bill of exceptions was ever filed. Under appellant's points and authorities there is no reference to the page and line of the brief on which errors committed may be found. The points and authorities contain only a series of abstract propositions of law without any reference to the error of the court to which they should be applied. This is not sufficient. *Cole Motor Car Co.* v. *Ludorff* (1916), 61 Ind. App. 119, 111 N. E. 447; *Warner* v. *Reed* (1916), 62 Ind. App. 544, 113 N. E. 386. What purports to be an abstract of the evidence appears in the brief, but it is evident from the brief itself that substantial omissions are made therefrom. The thirteenth and fourteenth reasons for a new trial as they appear in the motion make reference to certain written instruments which were admitted in evidence over the objection of the appellant. These instruments or an abstract thereof do not appear in appellant's statement of the evidence. Notwithstanding the irregularities in appellant's brief, we have examined his statement of the evidence

as found therein, together with the two instruments which appellant has failed to set out, and we are fully satisfied that the evidence fully sustained the finding and judgment of the trial court, and that there was no error that justified an appeal.

The judgment is affirmed.